■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JABEL JONES, Appellant. [911 NYS2d 193]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 18, 2007, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree based upon his sale of cocaine to a confidential informant during a controlled

buy operation in the City of Albany. At trial, the informant, who had previously been convicted of drug and weapons offenses in federal court but had not yet been sentenced, testified that, in the hope of receiving a lighter sentence, he agreed to cooperate with the Albany Police Department by contacting individuals who he knew had a reputation as drug dealers and attempting to set up controlled buys.

The informant testified that he had known defendant for five or six years and was aware that defendant had recently been released from shock incarceration in relation to a drug sale conviction. According to the informant, he called defendant and asked to buy drugs from him. Defendant agreed to sell cocaine to the informant and the controlled buy was arranged. The evidence at trial established that police officers with the Community Response Unit observed the informant, who was equipped with a sound recording device and prerecorded money, meet with defendant, drive to defendant's house where defendant entered and exited in a matter of minutes and, finally, drop off defendant at his prior location. Thereafter, the informant turned over to the police three bags of crack cocaine totaling 2.8 grams which he had purchased from defendant for $100. Other evidence of the sale that was admitted at trial included a recorded telephone call from the informant to defendant just before the buy, a compact disk containing the sounds from the body wire, and video footage of that part of the buy operation showing defendant exiting his house and returning to the informant's vehicle.

Defendant, who testified at trial, admitted to the sale, but asserted the defenses of agency and entrapment. He claimed, in essence, that he repeatedly told the informant that he was no longer interested in selling drugs, and that he made the sale to the informant only after the informant harassed him with numerous telephone calls. He also hoped that the informant would help him get a job at the company where the informant worked. Both defenses were charged to the jury, which rejected them and convicted defendant of criminal sale of a controlled substance in the third degree. He was sentenced, as a second felony offender, to nine years in prison with three years of post-release supervision. He now appeals.

Initially, we are not persuaded that the jury's rejection of the agency defense is against the weight of the evidence. "[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]; *see People v Nealon*, 36 AD3d 1076,

1077 [2007], *lv denied* 8 NY3d 988 [2007]). Here, defendant admitted that he had been a "drug dealer" in the past and previously convicted of criminal sale of a controlled substance in the fifth degree, factors which are relevant in determining whether defendant was acting as a seller or merely an agent of the buyer when he transacted the sale at issue here (*see People v Lam Lek Chong*, 45 NY2d at 75). Furthermore, the informant's testimony and the recordings of both the telephone call and the transaction revealed that defendant exhibited salesman-like behavior by, among other things, setting the price and touting the quality of the drugs (*see People v Roche*, 45 NY2d 78, 85 [1978], *cert denied* 439 US 958 [1978]; *People v Sheppard*, 273 AD2d 498, 499 [2000], *lv denied* 95 NY2d 908 [2000]; *People v Wolf*, 141 AD2d 972, 973 [1988], *lv denied* 72 NY2d 926 [1988]). Additionally, defendant's testimony that he hoped the informant would assist him in obtaining a job indicated that he expected to benefit from the sale (*see People v Roche*, 45 NY2d at 85; *People v Brown*, 52 AD3d 204, 205-206 [2008], *lv denied* 11 NY3d 786 [2008]). To the extent that defendant offered a different version of certain events and alternate interpretations of the evidence presented, we defer to the jury's credibility determinations, given its opportunity to hear the testimony and observe the witnesses' demeanor (*see People v Nealon*, 36 AD3d at 1078).

Nor are we persuaded that defendant proved the defense of entrapment by a preponderance of the evidence. Specifically, he was required to prove that "(1) he was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a 'substantial risk' that the offense would be committed by defendant who was not otherwise disposed to commit it" (*People v Brown*, 82 NY2d 869, 871 [1993]; *see* Penal Law § 40.05; *People v Delaney*, 309 AD2d 968, 970 [2003]). "Whether a defendant is predisposed to commit an offense or was induced to commit the offense is a question of fact" (*People v McGee*, 49 NY2d 48, 61 [1979], *cert denied sub nom. Quamina v New York*, 446 US 942 [1980]; *see People v Keyes*, 193 AD2d 936, 936 [1993], *lv denied* 82 NY2d 756 [1993]).

In this case, the jury credited the confidential informant's testimony that he called defendant only a couple of times to ask him to sell the drugs to him. Notably, "[m]erely asking a defendant to commit a crime is not such inducement or encouragement as to constitute entrapment" (*People v Brown*, 82 NY2d at 872; *see People v Delaney*, 309 AD2d at 970). Moreover, defendant's admitted history as a drug dealer was evidence of his

predisposition to commit the crime charged (*see People v Calvano*, 30 NY2d 199, 204-205 [1972]), notwithstanding his claims at trial that he had renounced his old ways. Accordingly, we do not find the jury's rejection of the entrapment defense to be against the weight of the evidence.

Defendant also contends that he did not receive effective representation. We do not agree. Counsel's strategy of attempting to establish the defenses of agency and entrapment was reasonable given the clear evidence that defendant sold cocaine to the informant. Furthermore, the record as a whole demonstrates that counsel made cogent opening and closing arguments, raised appropriate objections, effectively cross-examined the People's witnesses, and succeeded in raising sufficient fact questions on both defenses to warrant submission to the jury. Under these circumstances, we find that defendant was afforded the effective assistance of counsel (*see People v Smyth*, 233 AD2d 746, 748 [1996], *lv denied* 89 NY2d 1015 [1997]).

Finally, considering defendant's extensive criminal history, including a previous conviction for sale of a controlled substance, we do not find his sentence to be harsh and excessive, and we decline to disturb it.

Defendant's remaining contentions have been considered and found to be without merit.

Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.