(January 19, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOHNSON, JR., Appellant. [939 NYS2d 575]—

Spain, J.P.

The majority of defendant's contentions on appeal were unpreserved for review by timely objections at trial. However, as defendant asserts that he was deprived of the effective assistance of counsel based primarily on counsel's failure to advance these issues at trial, we must address them in that context.

First, defendant seeks resentencing, arguing that County Court failed to comply with CPL 400.21 when sentencing him as a second felony offender, thereby depriving him of due process. CPL 400.21 (2) requires that a predicate felony statement be filed by the People and provided to a defendant prior to the imposition of sentence. The sentencing minutes, however, demonstrate that defendant was advised that he was being sentenced as a second felony offender and, after the court related the details of defendant's previous offense from the prior felony information, defendant affirmed that the information was correct and that he did not wish to contest the prior felony statement. Under these circumstances, there was substantial compliance with the statutory requirements of CPL 400.21 (*see People v Glynn*, 72 AD3d 1351, 1352 [2010], *lv denied* 15 NY3d 773

[2010]; *People v Bynum*, 68 AD3d 1348, 1350 [2009], *lv denied* 14 NY3d 798 [2010]).

Defendant also alleges unpreserved errors in County Court's charge to the jury. We discern no reversible error in the court's charge. Defendant's assertion that the court improperly instructed the jury not to consider defense counsel's closing statement as evidence is belied by the record, which reflects that the court correctly instructed the jury—multiple times—that both parties' opening and closing statements were not to be considered evidence. Although the court incorrectly stated—early in its charge to the jury—that a "jury trial is the process by which we attempt to ascertain the truth" (*see People v Benedetto*, 294 AD2d 958, 959 [2002]; *People v Rivera*, 116 AD2d 371, 375-376 [1986]), the court thereafter thoroughly and accurately explained that the burden remains upon the People to prove each element of the charges beyond a reasonable doubt. Finally, contrary to defendant's contention, we find no error in the charge given by the court with respect to the People's burden of proof to disprove the agency defense. Accordingly, we hold that defendant was not deprived of the effective assistance of counsel based upon any of the claimed, unpreserved errors. Likewise, we perceive no error in trial counsel's decision not to request that County Court poll the jury after the verdict (*see People v Bynum*, 68 AD3d at 1350). Finally, defendant fails to articulate how he was prejudiced by counsel's failure to object to a missing surveillance tape or to the chain of custody of the package entered into evidence. Counsel pursued an agency defense, which included defendant's admission to the existence and transfer of the drugs in question. Indeed, objectively viewing the record as a whole, we conclude that defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Garrow*, 75 AD3d 849, 852 [2010]).

Defendant's assertion that his conviction of criminal sale of a controlled substance in the third degree was not supported by legally sufficient evidence is not preserved. Nevertheless, we necessarily review the evidence adduced at trial as to each of the elements of that crime in the context of defendant's challenge to the weight of the evidence (*see People v Stevens*, 87 AD3d 754, 754 n [2011]; *People v Wilson*, 71 AD3d 1333, 1334 [2010]; *People v Morrison*, 71 AD3d 1228, 1229 [2010], *lv denied* 15 NY3d 754 [2010]). Here, we find that defendant "knowingly and unlawfully [sold] . . . a narcotic drug" (Penal Law § 220.39

[1]),* and we are not persuaded that the jury's rejection of the agency defense is against the weight of the evidence. Significantly, whether a defendant is a " 'seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve' " (*People v Poole*, 79 AD3d 1685, 1686 [2010], *lv denied* 16 NY3d 862 [2011], quoting *People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]).

The People presented the testimony of a confidential informant (hereinafter CI) and an undercover police officer. After the CI telephoned defendant to set up a time and place to meet, the CI and the officer met defendant at the agreed-upon location and the CI gave him $80 in exchange for a package containing four glassine envelopes containing a substance later identified as heroin. The tape-recorded conversation between the CI and defendant arranging the meeting for the purpose of purchasing drugs was introduced into evidence. Defendant did not dispute these events, but testified that the transaction was not a sale; instead, it was simply a purchase accomplished purely as a favor to the CI. Defendant explained that he and the CI had a history of getting drugs for each other—depending on who was able to procure them—and having sex, and that he obtained the drugs as a favor for her, hoping they would get together that evening. The CI admitted that she had previously had sexual relations with defendant, but maintained that he provided the drugs and that she had never obtained drugs for defendant. Following the exchange, defendant immediately left the scene and, although he was later observed down the street talking to another individual who defendant claimed was the provider of the drugs, there is no evidence apart from defendant's testimony that he handed the money he obtained from the sale over to someone else. While a different verdict "would not have been unreasonable, viewing the evidence in a neutral light and deferring to the jury's superior position to determine witness credibility," we find that the verdict is supported by the weight of the evidence (*People v Danford*, 88 AD3d 1064, 1066 [2011]; *see People v Guthrie*, 57 AD3d 1168, 1170 [2008], *lv denied* 12 NY3d 816 [2009]). Indeed, even if defendant had not profited financially from the sale, his admission that he hoped to have sex in exchange for obtaining the drugs demonstrates an expected benefit from the sale (*see People v Jones*, 77 AD3d 1170, 1172 [2010], *lv denied* 16 NY3d 896 [2011]).

Finally, we have considered, and reject, defendant's pro se contention that the People violated CPL 200.70 by constructively

---

* A sale is an act "to sell, exchange, give or dispose of to another" (Penal Law § 220.00 [1]).

amending the indictment at trial. Contrary to defendant's assertions, the People's reliance on testimony that defendant sold drugs to the CI and an undercover officer is not contrary to the statement in the bill of particulars alleging that defendant conducted a sale of drugs in the presence of an undercover police officer. Indeed, we find that the People's theory of the case did not change and, thus, detect no prejudice to defendant (*see* CPL 200.70 [1]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.