Garry, J.
In February 2010, an undercover detective in an unmarked car approached defendant and a second man, who were walking in the City of Binghamton, Broome County, and asked if they knew where the detective could get some crack cocaine. The detective later testified that neither man said “yes” or responded “with a straight answer” but, instead, they asked for a ride to a convenience store, which the detective provided. The detective and defendant conversed during the ride. Upon arriving at the store, defendant told the detective that he could “hook [him] up later” and gave him a telephone number. While defendant and the other man were inside the store, the detective waited outside, called the number that defendant had provided and hung up when someone else answered. Defendant and the other man then returned and asked for a ride back. Upon arrival, as defendant was getting out of the car, the detective again asked if defendant could “get [him] some crack.” Defendant said “yeah, wait a minute,” left the car with his companion, returned alone about two minutes later, and led the detective into an apartment building. They waited in the foyer for a few minutes until a man wearing a hooded coat that concealed his face (hereinafter the seller) entered the foyer and led them into an apartment. There, defendant and the seller went around a corner and the detective heard the seller say “you know I don’t like to meet anybody.” Defendant returned and asked for money; the detective handed him $50, which defendant gave to the seller in exchange for two “knotted wraps” that he carried back to the detective. These wraps were later found to contain cocaine.* Defendant was indicted on one count of criminal sale of a controlled substance in the third degree. Following a jury trial, he was convicted as charged and sentenced to one year in jail. He appeals.
We agree with defendant that County Court erred in refusing his request for an agency charge. The agency defense recognizes that a person who “act[s] solely on behalf of the buyer such as to be a mere extension or instrumentality” cannot be convicted of criminal sale of drugs (People v Ortiz, 76 NY2d 446, 449 [1990]). “The policy underpinning the defense is that persons *902 who purchase or possess drugs, including those acting on their behalf, warrant less severe criminal liability than those who sell them” (People v Magee, 263 AD2d 763, 765 [1999]; see People v Davis, 14 NY3d 20, 24 [2009]). Whether a defendant acted solely as a buyer’s agent is generally a question of fact to be resolved by a jury based on factors including the relationship between the buyer and the defendant, who initiated the transaction, whether the defendant had previously engaged in drug transfers and whether he or she profited from the sale (see People v Lam Lek Chong, 45 NY2d 64, 75 [1978], cert denied 439 US 935 [1978]; People v Hunt, 50 AD3d 1246, 1247-1248 [2008], lv denied 11 NY3d 789 [2008]; see also People v Jones, 77 AD3d 1170, 1172 [2010], lv denied 16 NY3d 896 [2011]). A trial court must grant a request for an agency charge when, viewed in the light most favorable to the defendant, “ ‘some evidence, however slight . . . support[s] the inference that the supposed agent was acting, in effect, as an extension of the buyer’ ” (People v Ortiz, 76 NY2d at 448, quoting People v Argibay, 45 NY2d 45, 55 [1978]; accord People v Delaney, 309 AD2d 968, 969 [2003]).
Here, defendant did not solicit the transaction nor “instantly” accede to the detective’s request for drugs (People v Herring, 83 NY2d 780, 783 [1994]). Instead, he gave no direct answer initially, then said he could assist “later,” and finally agreed only after being asked again, as he was leaving. Defendant did not advertise the quality of the drugs, bargain over price, or otherwise exhibit “[s]alesman-like behavior” (People v Roche, 45 NY2d 78, 85 [1978], cert denied 439 US 958 [1978]). While defendant and the detective had no prior acquaintance, this factor alone is not dispositive (compare People v Croley, 216 AD2d 690, 691 [1995], lv denied 86 NY2d 793 [1995]); the jury could have found that a relationship, however brief and fleeting, sprang up between them during the encounter and that defendant facilitated the transaction as a favor in return for the rides the detective had provided (see People v Vasquez, 283 AD2d 239, 240 [2001], lv denied 97 NY2d 659 [2001]). Finally, there was no evidence that defendant was promised any reward, profited from the exchange or had previously participated in drug transactions (compare People v Magee, 263 AD2d at 765); indeed, it would be possible to infer that defendant did not routinely perform such tasks from the seller’s criticism of the way he handled the transaction. As there was “some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer,” the jury should have been instructed on the applicable law and permitted to decide whether he acted solely as the detective’s agent (People v Roche, 45 NY2d at 86; see People v Delaney, 309 AD2d at 969-970; People v Dobie, 249 AD2d 411, 412-413 [1998]).
*903 Peters, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.

 The seller was not identified or arrested.