■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN KRAMER, Appellant. [989 NYS2d 143]—

Egan Jr., J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 18, 2013, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. The charges stemmed from two controlled drug buys that occurred on January 24, 2012 and January 27, 2012

in the Village of Whitehall, Washington County. On each occasion, defendant provided four bags of heroin to a coworker, who was acting as a confidential informant (hereinafter CI) for a local law enforcement agency, in exchange for $120. At trial, defendant readily admitted that he procured heroin for the CI, but contended that he acted solely as the CI's agent for the subject transactions. Defendant also raised the affirmative defense of entrapment.

Following the close of proof, and in response to defendant's motion for a trial order of dismissal, County Court dismissed counts 3 and 4 of the indictment (relating to the Jan. 27, 2012 transaction) and submitted the remaining counts (pertaining to the Jan. 24, 2012 transaction) to the jury. The jury thereafter returned a verdict finding defendant not guilty of criminal sale of a controlled substance in the third degree and guilty of criminal possession of a controlled substance in the third degree. Defendant moved to set aside the verdict as repugnant, and County Court—instead of ruling upon the motion—adjourned for the day, advising the jurors that they may have to resume deliberations and instructing them to return the following day. After reviewing counsels' written submissions the next morning, County Court informed the jury that it was not accepting the verdict and, after providing a special verdict sheet, instructed the jury to resume deliberations. Following further deliberations, the jury found defendant guilty of both the sale and the possession count, and defendant's subsequent motion to set aside the verdict was denied. Defendant thereafter was sentenced to concurrent prison terms of four years followed by two years of postrelease supervision. This appeal by defendant ensued.[1]

Defendant initially contends that the verdict is not supported by legally sufficient evidence—an argument premised upon defendant's assertion that he was acting solely as an agent of the CI. Under the agency doctrine, "a person who acts solely as the agent of a buyer in procuring drugs for the buyer is not guilty of selling the drug to the buyer, or of possessing it with intent to sell it to the buyer" (*People v Watson*, 20 NY3d 182, 185 [2012] [internal quotation marks and citation omitted]; *see People v Monykuc*, 97 AD3d 900, 901 [2012]; *People v Mosby*, 78 AD3d 1371, 1373 [2010], *lv denied* 16 NY3d 834 [2011]). "[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case"

---

1. Defendant's subsequent application for bail pending appeal was granted by this Court.

(*People v Mitchell*, 112 AD3d 1071, 1071-1072 [2013], *lv denied* 22 NY3d 1140 [2014] [internal quotation marks and citation omitted]; *accord People v Guthrie*, 57 AD3d 1168, 1169 [2008], *lv denied* 12 NY3d 816 [2009])—a determination based upon factors such as "the relationship between the buyer and the defendant, who initiated the transaction, whether the defendant had previously engaged in drug transfers and whether he or she profited from the sale" (*People v Monykuc*, 97 AD3d at 902).

Viewing the evidence in the light most favorable to the People, we find that there was legally sufficient evidence to support the jury's rejection of the proffered agency defense. The CI acknowledged that he spoke to defendant about purchasing heroin from him "[p]robably four or five times" prior to the January 24, 2012 transaction and testified that defendant also procured a quantity of prescription pain medication for him[2] prior to that date. Although defendant testified that he initially refused to acquire heroin for the CI and agreed to do so only after repeated inquiries, defendant's testimony on this point presented a credibility issue for the jury to resolve and, on balance, there was sufficient testimony from which the jury could infer that defendant, in providing the heroin, was not merely doing a favor for a friend. Additionally, both the CI and a law enforcement official testified that, in the surrounding community, $120 typically would buy one "bundle" or 10 bags of heroin. Although defendant testified that the going rate for heroin was $30 per bag and that he, in turn, paid $240 ($120 from the CI, $120 of his own funds) for eight bags of heroin (four for the CI, four for him), the jury could have inferred from this conflicting testimony that defendant either used the CI's money to purchase heroin for his personal use or otherwise profited or benefitted from the January 24, 2012 transaction—conduct that would be inconsistent with the claimed agency defense. As defendant otherwise readily admitted the elements of the charged crimes, we find that there is legally sufficient evidence to support the underlying convictions.

That said, we nonetheless find that County Court erred in refusing to accept the jury's initial verdict and in thereafter instructing the jury to resume deliberations. Contrary to defendant's assertion, the jury's initial verdict—convicting him of criminal possession of a controlled substance in the third degree and acquitting him of criminal sale of a controlled substance in the third degree—was not repugnant. "[A] verdict as to a particular count shall be set aside [as repugnant] only when it is

---

2. The record contains conflicting proof as to who—the CI or defendant—initiated this transaction.

inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Tucker*, 55 NY2d 1, 4 [1981]; *accord People v Muhammad*, 17 NY3d 532, 539 [2011]). In assessing a repugnancy claim, "we must review the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial. Thus, [i]f there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support . . . . In this context, the apparently illogical nature of the verdict—as opposed to its impossibility—is viewed as a mistake, compromise or the exercise of mercy by the jury, none of which undermine[s] a verdict as a matter of law" (*People v Reichel*, 110 AD3d 1356, 1365 [2013], *lv denied* 22 NY3d 1090 [2014] [internal quotation marks and citations omitted]; *see People v Muhammad*, 17 NY3d at 539-540).

Here, upon reviewing the elements of the subject offenses, it is readily apparent that the jury's verdict was not repugnant. Criminal sale of a controlled substance in the third degree requires proof that the defendant knowingly and unlawfully sold a narcotic drug (*see* Penal Law § 220.39 [1]), whereas criminal possession of a controlled substance in the third degree requires only, insofar as is relevant here, that the defendant knowingly and unlawfully possessed a narcotic drug *with intent to sell it* (*see* Penal Law § 220.16 [1]). Notably, a "[d]efendant's acquittal on the [sale count] does not negate the elements of the [possession count], for a person can possess and intend to sell a narcotic drug, but not actually accomplish a sale" (*People v Mendoza*, 300 AD2d 824, 824-825 [2002], *lv denied* 99 NY2d 617 [2003]; *see People v Lane*, 177 AD2d 713, 713 [1991], *lv denied* 79 NY2d 921 [1992]). Defendant's argument to the contrary is predicated upon the specific proof adduced at trial, which—the Court of Appeals has instructed—is to play no role in our analysis of a repugnancy claim (*see People v Muhammad*, 17 NY3d at 539; *People v Tucker*, 55 NY2d at 6-7). As the jury's initial verdict was not repugnant, County Court should have denied defendant's motion, accepted the jury's verdict and adjourned the matter for sentencing. Instead, County Court implicitly granted defendant's motion, devised a special verdict sheet and directed the jury to resume deliberations.

Pursuant to CPL 310.50 (2), "[i]f the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to

render a proper verdict." Here, however, the jury's initial verdict was neither repugnant, erroneous nor otherwise legally defective and, therefore, there was no legal basis upon which to direct the jury to resume deliberations (*cf. People v Harris*, 50 AD3d 1387, 1388-1390 [2008]). Although defendant did not object to County Court's decision to resubmit both the possession count and the sale count to the jury with a special verdict sheet, given the nature of the error, we deem this to be an appropriate instance in which to take corrective action in the interest of justice (*see* CPL 470.15 [6] [a]). Accordingly, defendant's conviction of criminal sale of a controlled substance in the third degree under count 1 of the indictment is vacated. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy and Rose, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of criminal sale of a controlled substance in the third degree under count 1 of the indictment; said count dismissed, the sentence imposed thereon vacated, and matter remitted to the County Court of Washington County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.