*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 11, 2014      104224
105199
105880

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,

                Respondent,

       v                          MEMORANDUM AND ORDER

TERRANCE D. ROBINSON, Also
    Known as Z,

                Appellant.
_____

Calendar Date: October 10, 2014

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

Alexander W. Bloomstein, Hillsdale, for appellant.

Paul Czajka, District Attorney (James A. Carlucci of counsel), for respondent.

_____

Egan Jr., J.

Appeals (1) from a judgment of the County Court of Columbia County (Nichols, J.), rendered April 20, 2011, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the third degree (two counts), (2) from a judgment of said court, rendered September 4, 2012, which resentenced defendant following said conviction, and (3) by permission, from an order of said court, entered April 23, 2013, which denied defendant's motion pursuant to CPL 440.20 to set aside his sentence, without a hearing.

Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. The charges stemmed from defendant's sale of crack cocaine to an undercover Columbia County sheriff's deputy in April 2009 and May 2009. Following a nonjury trial, at which defendant testified in support of his agency defense, defendant was convicted as charged and was sentenced, as a second violent felony offender, to an aggregate prison term of 16 years followed by three years of postrelease supervision. When the Court of Appeals reversed the conviction that formed the basis for defendant's predicate felony (People v Robinson, 17 NY3d 868 [2011]), defendant moved to be resentenced pursuant to CPL 440.20; County Court granted defendant's application and resentenced him to an aggregate prison term of eight years followed by two years of postrelease supervision. In response, defendant again sought resentencing, claiming that he was entitled to an updated presentence report pursuant to CPL 390.20. County Court denied defendant's motion and these appeals ensued.

We affirm. To the extent that defendant contends that the underlying conviction is not supported by legally sufficient evidence, we note that defendant's generalized motion to dismiss at the close of the People's case was insufficient to preserve his present claim, i.e., that the People failed to disprove his agency defense beyond a reasonable doubt (see People v Greenfield, 112 AD3d 1226, 1226 [2013], lv denied 23 NY3d 1037 [2014]; People v Simmons, 103 AD3d 1027, 1029 [2013], lv denied 21 NY3d 1009 [2013]). Additionally, defendant, who testified upon his own behalf, failed to renew this motion at the close of all proof; accordingly, defendant's challenge to the legal sufficiency of the evidence is not preserved for our review (see People v Fisher, 89 AD3d 1135, 1136 [2011], lv denied 18 NY3d 883 [2012]; People v Race, 78 AD3d 1217, 1219 [2010], lv denied 16 NY3d 835 [2011]). "That said, our weight of the evidence [analysis] necessarily involves an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (People v Menegan, 107 AD3d 1166, 1169 [2013] [internal quotation marks and citations omitted]; see People v Ramirez, 118 AD3d 1108, 1110 [2014]).

Insofar as is relevant here, "[a] person is guilty of criminal sale of a controlled substance in the third degree when he or she knowingly and unlawfully sells . . . a narcotic drug" (Penal Law § 220.39 [1]). Defendant does not dispute that he sold a narcotic drug, i.e., cocaine, to the undercover deputy on the dates in question, but contends that he acted solely as the deputy's agent in this regard and, at best, is guilty of criminal possession of a controlled substance (see People v Lam Lek Chong, 45 NY2d 64, 74 [1978], cert denied 439 US 935 [1978]; People v Mitchell, 112 AD3d 1071, 1071 [2013], lv denied 22 NY3d 1140 [2014]). Under the agency doctrine, a person who procures drugs solely as the agent of a buyer is not guilty of either criminal sale or of possession with the intent to sell (see People v Kramer, 118 AD3d 1040, 1041 [2014]). "[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the [factfinder] to resolve on the circumstances of the particular case" (id. at 1041 [internal quotation marks and citation omitted]; accord People v Mitchell, 112 AD3d at 1071-1072; see People v Monykuc, 97 AD3d 900, 902 [2012]; People v Johnson, 91 AD3d 1115, 1117 [2012], lv denied 18 NY3d 959 [2012]). Such a determination, in turn, may hinge upon a number of factors, including "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction" (People v Lam Lek Chong, 45 NY2d at 75; see People v Kramer, 118 AD3d at 1042; People v Monykuc, 97 AD3d at 902). Notably, profit does not necessarily equate with pecuniary gain; indeed, this Court has recognized that a defendant may stand to benefit from the underlying sale when such transaction was undertaken in the hopes of receiving either assistance in getting a job (see People v Jones, 77 AD3d 1170, 1172 [2010], lv denied 16 NY3d 896 [2011]) or sex (see People v Johnson, 91 AD3d at 1117) in exchange for obtaining the requested drugs.

Here, the undercover deputy testified that she was introduced to defendant by a confidential informant; defendant

provided the deputy with his phone number and told her to call him Z. Thereafter, on April 21, 2009 and May 21, 2009, the deputy contacted defendant at the number previously provided, told him that she needed a specific dollar amount of drugs and met with defendant at the agreed-upon locations, at which time defendant provided her with a substance that subsequently tested positive for cocaine. According to the deputy, at no time did defendant indicate either that he would need to procure the drugs from someone else or that he was doing so merely as a favor to her. Although defendant admitted that he sold drugs to the deputy on the days in question, he contended that he obtained the drugs from other people and did so only as a favor to the deputy, stating, "I don't deal with that." Defendant further testified that he did not profit from the transactions and acquiesced to the deputy's request because he "was attracted to her" and "was trying to get to know her" as a "friend." On cross-examination, defendant offered inconsistent testimony as to whether he had engaged in drug sales prior to April 21, 2009, prompting the People to recall the deputy, who testified on rebuttal that she witnessed defendant sell drugs to a confidential informant on two occasions before that date.[1]

Although the deputy and defendant provided conflicting accounts of the subject transactions, this presented a credibility issue for County Court to resolve (see People v Kramer, 118 AD3d at 1042). Accordingly, while a different result would not have been unreasonable, viewing the evidence in a neutral light and deferring to County Court's credibility determinations, we do not find defendant's conviction to be against the weight of the evidence (see People v Johnson, 91 AD3d at 1117). Defendant's related challenge in this regard — namely, that the People failed to establish that the substance he sold was in fact cocaine — is unpreserved for our review (see id. at

---

[1] Inasmuch as defendant affirmatively denied that he ever sold drugs prior to April 21, 2009, the proffered rebuttal testimony — to which defense counsel objected — was entirely proper (see People v Alvino, 71 NY2d 233, 247 [1987]).

1115) and, in any event, is lacking in merit.

Defendant's remaining arguments are equally unavailing.
With respect to County Court's suppression rulings, we do not
find the subject photo array to be unduly suggestive (see People
v Pendelton, 90 AD3d 1234, 1236-1237 [2011], lv denied 18 NY3d
996 [2012]; People v Deshields, 24 AD3d 1112, 1112-1113 [2005],
lv denied 6 NY3d 811 [2006]), nor are we persuaded that the
identification procedures employed therein violated due process.
In any event, identification ultimately was not an issue, as
defendant readily admitted his participation in the subject
transactions.  Similarly, with regard to County Court's Sandoval
ruling, we are satisfied that the prior conviction "reflected
defendant's willingness to place his interests above those of
society" and that County Court, in turn, properly balanced the
probative value of the conviction against its prejudicial effect
(People v Alnutt, 101 AD3d 1461, 1464 [2012], lv denied 21 NY3d
941 [2013], cert denied ___ US ___, 134 S Ct 1035 [2014]).[2]  To
the extent that defendant challenges County Court's sua sponte
questioning of certain witnesses, we note that defendant failed
to lodge any objection in this regard and, therefore, this issue
is unpreserved for our review (cf. People v Robinson, 121 AD3d
1179, 1180 [2014]).  In any event, County Court clearly "is
permitted to raise matters on its own initiative in order to
elicit significant facts, clarify or enlighten an issue or to
facilitate the orderly and expeditious progress of the trial"
(People v Lupo, 92 AD3d 1136, 1138 [2012] [internal quotation
marks and citation omitted]).

_____

[2]  Although the prior conviction subsequently was reversed
by the Court of Appeals (People v Robinson, 17 NY3d 868 [2011],
supra), County Court's Sandoval ruling nonetheless was proper at
the time that it was made.  In any event, by virtue of its
"learning, experience and judicial discipline," County Court was
more than "capable . . . of making an objective determination
based upon appropriate legal criteria" (People v Green, 84 AD3d
1499, 1500 [2011], lv denied 17 NY3d 953 [2011] [internal
quotation marks and citations omitted]).

We also find no merit to defendant's claim that he was denied the effective assistance of counsel.  "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Bush, 107 AD3d 1302, 1302 [2013] [internal quotation marks and citations omitted]; accord People v Shuaib, 111 AD3d 1055, 1057 [2013]).  Here, the record reflects that defense counsel made appropriate objections, effectively cross-examined the People's witnesses, challenged the chain of custody, advanced a plausible defense and articulated a cogent closing statement.  Accordingly, we are satisfied that defendant received meaningful representation (see People v Kenyon, 108 AD3d 933, 940 [2013], lv denied 21 NY3d 1075 [2013]).

As for defendant's various sentencing challenges, we reject defendant's assertion that the sentence imposed was harsh and excessive.  Further, we find no merit to defendant's claim that County Court erred in resentencing him without first obtaining an updated presentence report and/or in denying his subsequent motion to be resentenced upon this ground.  Initially, defendant raised no objection in this regard at the time of his resentencing in September 2012 and, to that extent, cannot now be heard to complain.  In any event, and more specifically with regard to the denial of defendant's subsequent motion, "[w]hether to obtain an updated presentence report is a matter resting within the discretion of the sentencing court" (People v Williams, 114 AD3d 993, 994 [2014], lv denied 23 NY3d 969 [2014] [internal quotation marks and citations omitted]).  Here, defendant had been continuously incarcerated since the imposition of the original sentence, defendant was afforded an opportunity to address the court at resentencing and County Court, having presided over defendant's trial, was well aware of the issues underlying the resentencing and defendant's intervening history.  Under these circumstances, we discern no abuse of County Court's discretion in resentencing defendant without first obtaining an updated presentence report (see id. at 994; People v Lakatosz, 89 AD3d 1329, 1330 [2011], lvs denied 18 NY3d 925 [2012]) or in

denying his subsequent motion with respect thereto.  Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the judgments and order are affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court