*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    106455
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

DAVID NOWLAN,
                    Appellant.
_____

Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        The Proler Law Firm, Clifton Park (Andrew J. Proler of
counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered January 29, 2014, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree (two counts) and
criminal possession of a controlled substance in the third degree
(two counts).

        Defendant was indicted on two counts each of criminal sale
of a controlled substance in the third degree and criminal
possession of a controlled substance in the third degree,
stemming from his sale of heroin to a confidential informant
(hereinafter CI) on two occasions in the driveway of his home.
At a combined Molineux/Sandoval hearing, defendant stated his

intention to assert an agency defense.  In anticipation of that strategy, County Court ruled that it would permit the People to elicit testimony related to defendant's prior burglary conviction and prior sales of heroin and synthetic marihuana.  At the close of the proof at trial, the court ruled that defendant had failed to establish entitlement to the agency charge and did not give the related jury instruction.  The jury thereafter found defendant guilty as charged, and he was sentenced to an aggregate prison term of 18 years to be followed by three years of postrelease supervision.  Defendant appeals.  Initially, defendant failed to renew his motion to dismiss the charges at the close of his proof and, as such, his contention regarding the legal sufficiency of the evidence is unpreserved for our review (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Reeves, 124 AD3d 1068, 1068 [2015], lv denied ___ NY3d ___ [May 21, 2015]; People v Robinson, 123 AD3d 1224, 1225 [2014], lvs denied 25 NY3d 992, 993 [2015]; People v Kennedy, 75 AD3d 766, 767 [2010], lv denied 15 NY3d 853 [2010]).

"Under the agency doctrine, 'a person who acts solely as the agent of a buyer in procuring drugs for the buyer is not guilty of selling the drug to the buyer, or of possessing it with intent to sell it to the buyer'" (People v Kramer, 118 AD3d 1040, 1041 [2014], quoting People v Watson, 20 NY3d 182, 185 [2012] [internal quotation marks and citation omitted]; see People v Echevarria, 21 NY3d 1, 20 [2013]).  "The issue of whether a defendant is criminally responsible as a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (People v Croley, 216 AD2d 690, 690 [1995], lv denied 86 NY2d 793 [1995]; see People v Lam Lek Chong, 45 NY2d 64, 74-75 [1978], cert denied 439 US 935 [1978]).  "A trial court must grant a request for an agency charge when, viewed in the light most favorable to the defendant, some evidence, however slight[,] supports the inference that the [defendant] was acting, in effect, as an extension of the buyer" (People v Monykuc, 97 AD3d 900, 902 [2012] [internal quotation marks, citations, brackets and ellipses omitted]; see People v Magee, 263 AD2d 763, 765 [1999]).

Here, defendant did not initiate the subject transactions.

Rather, the CI, who was acquainted with defendant, contacted him to initiate both buys. Before the first buy, defendant said to the CI, with regard to the supplier, "when she meets me and you she's going to sell us the eight," which shows that defendant aligned himself with the CI on the buyer's side of the transaction. At the time of the first buy, defendant and the CI met in defendant's driveway and talked about defendant's girlfriend, car and job while they waited for the supplier to arrive with the drugs. When the supplier arrived, the CI asked defendant to get the drugs from her so that he could see them before he paid, and defendant complied. Defendant retrieved nine bags of heroin from the supplier, explaining to the CI that there were "nine here cause [he was] gonna get one too"; again, he was identifying himself on the buyer's side of the transaction. Defendant's girlfriend testified that he did not benefit from the sales to the CI.

While defendant did exhibit some arguably salesman-like behavior by touting the quality of the drugs, such statements do not preclude a reasonable view of the evidence, when taken in the light most favorable to defendant (see People v Ortiz, 76 NY2d 446, 448 [1990]), that he acted solely on behalf of the buyer. One may infer from such statements that defendant was simply making conversation, particularly in light of the evidence that defendant did not profit from the sales. Thus, we agree with defendant that the jury should have been instructed on the applicable law and been afforded the opportunity to decide whether defendant acted solely as the CI's agent (see People v Echevarria, 21 NY3d at 21-22; People v Monykuc, 97 AD3d at 902).[1]

To the extent that defendant's remaining arguments have not been rendered academic, they have been found to be without merit.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

---

[1] We also find County Court's denial of defendant's request for the jury charge troubling in light of the court's Molineux ruling that was based upon defendant's reliance on the agency defense.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court