*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                107024
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                               MEMORANDUM AND ORDER

ANTHONY J. PETERKIN SR.,
                        Appellant.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____


        Susan Patnode, Rural Law Center of New York, Albany
(Cynthia Feathers of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of
counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered August 28, 2014, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree and criminal possession
of a controlled substance in the third degree.

        Defendant was indicted for criminal sale of a controlled
substance in the third degree and criminal possession of a
controlled substance in the third degree stemming from his sale
of crack cocaine to a confidential informant (hereinafter CI)
during a controlled buy.  Following a jury trial, at which
defendant testified in support of his agency defense, defendant
was convicted as charged and sentenced as a second felony

offender to concurrent 10-year prison terms.  He appeals.

Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, specifically claiming that the People failed to disprove his agency defense beyond a reasonable doubt.  His challenge to the legal sufficiency of the evidence is unpreserved for our review inasmuch as he presented evidence after his unsuccessful motion to dismiss and failed to renew that motion at the close of all proof (see People v Lane, 7 NY3d 888, 889 [2006]; People v Robinson, 123 AD3d 1224, 1225 [2014], lvs denied 25 NY3d 992, 993 [2015]).  Nevertheless, we necessarily determine whether the agency defense was disproven in the context of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Robinson, 123 AD3d at 1225; People v Vanderhorst, 117 AD3d 1197, 1198 [2014], lv denied 24 NY3d 1089 [2014]).

"Under the agency doctrine, 'a person who acts solely as the agent of a buyer in procuring drugs for the buyer is not guilty of selling the drug to the buyer, or of possessing it with intent to sell it to the buyer'" (People v Kramer, 118 AD3d 1040, 1041 [2014], quoting People v Watson, 20 NY3d 182, 185 [2012] [internal quotation marks and citation omitted]; see People v Echevarria, 21 NY3d 1, 20 [2013]).  "[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (People v Chong, 45 NY2d 64, 74 [1978], cert denied 439 US 935 [1978]; see People v Vanguilder, 130 AD3d 1247, 1248-1249 [2015]; People v Nowlan, 130 AD3d 1146, 1147 [2015]).  The jury may consider a number of factors in assessing whether the defendant acted solely to accommodate the buyer, including "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction" (People v Watson, 20 NY3d at 186 [internal quotation marks and citation omitted]; accord People v Robinson, 123 AD3d at 1226; see People v Kramer, 118 AD3d at 1041-1042).

The trial evidence established that the police arranged for a controlled buy at a home in the City of Ogdensburg, St. Lawrence County that had previously been identified by the CI as a location where drugs were being sold. Once there, the CI encountered one of the owners of the home and asked him "if there's anything going on," which she intended as a drug reference. This individual responded affirmatively and pointed to defendant, whom the CI recognized from previous visits to the subject home during which the two smoked crack together. The CI then handed defendant the buy money, and defendant proceeded up a set of stairs to an upper story of the home. When he returned, defendant handed the CI a bag containing a white substance that later tested positive for cocaine. Defendant admitted that he procured the crack cocaine for the CI on the day in question, but claimed that he did so as a favor to the CI and that he neither controlled the drugs nor profited from the transaction. Defendant explained that after the CI asked him, directly, to get her "some stuff," he went to the upstairs portion of the home where he surrendered the money to a "guy" in exchange for the crack cocaine that he then delivered to the CI. Defendant's account of the subject transaction presented a credibility issue for the jury to resolve (see People v Robinson, 123 AD3d at 1226-1227). While a different result would not have been unreasonable, upon evaluating the evidence in a neutral light and deferring to the jury's credibility assessments, we do not find the verdict to be contrary to the weight of the evidence (see id. at 1227; People v Johnson, 91 AD3d 1115, 1116-1117 [2012], lv denied 18 NY3d 959 [2012]; People v Guthrie, 57 AD3d 1168, 1170 [2008], lv denied 12 NY3d 816 [2009]; People v Delaney, 42 AD3d 820, 821 [2007], lv denied 9 NY3d 922 [2007]; People v Sheppard, 273 AD2d 498, 499 [2000], lv denied 95 NY2d 908 [2000]).

Lahtinen, Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court