People v Bickham (2020 NY Slip Op 08128)





People v Bickham


2020 NY Slip Op 08128


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

110766

[*1]The People of the State of New York, Respondent,
v
Willis S. Bickham Jr., Appellant.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Reynolds Fitzgerald, JJ.


Dennis J. Lamb, Troy, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 17, 2018, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the third degree (two counts).
Defendant was charged by indictment with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, stemming from controlled buys of heroin that occurred on two consecutive days. To resolve defendant's pretrial omnibus motion, County Court reviewed the grand jury minutes and dismissed the two counts charging criminal possession of a controlled substance in the third degree, finding that the People incorrectly instructed the grand jury that the agency defense did not apply to the possession counts. Following a bench trial, defendant was convicted of both counts of criminal sale of a controlled substance in the third degree. After denying defendant's CPL 330.30 motion to set aside the guilty verdict, the court sentenced him, as a second felony drug offender, to concurrent prison terms of five years, followed by three years of postrelease supervision. Defendant appeals.
The verdict is not against the weight of the evidence. "A weight of the evidence review requires this Court to first determine whether, based on all the credible evidence, a different finding would not have been unreasonable" (People v Forney, 183 AD3d 1113, 1113-1114 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1065 [2020]; see People v Benjamin, 183 AD3d 1125, 1126 [2020]). Where a different verdict would not have been unreasonable, this Court must "view the evidence in a neutral light and weigh the conflicting testimony, assess the rational inferences to be drawn from that testimony and determine whether the [trier of fact] was justified in finding that the elements of the crime were proven beyond a reasonable doubt" (People v Cole, 177 AD3d 1096, 1097 [2019], lv denied 34 NY3d 1015 [2019]; see People v Callahan, 186 AD3d 943, 943-944 [2020]). In making this assessment, we give great deference to the factfinder's credibility assessments, based on the factfinder's "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Cole, 177 AD3d at 1097 [internal quotation marks and citation omitted]; see People v Benjamin, 183 AD3d at 1126).
As relevant here, to convict defendant of criminal sale of a controlled substance in the third degree, the People were required to establish that he knowingly and unlawfully sold a narcotic drug (see Penal Law § 220.39 [1]). Where a defendant raises an agency defense, the People must prove that the defendant did not act "solely as the agent of a buyer" (People v Watson, 20 NY3d 182, 185 [2012] [internal quotation marks and citation omitted]; accord People v Vickers, 168 AD3d 1268, 1269 [2019], lvs denied 33 NY3d 1028, 1036 [2019]). Under the agency doctrine[*2], "a person who acts solely as the agent of a buyer in procuring drugs for the buyer is not guilty of selling the drug to the buyer, or of possessing it with intent to sell it to the buyer" (People v Watson, 20 NY3d at 185 [internal quotation marks and citation omitted]; accord People v Kramer, 118 AD3d 1040, 1041 [2014]; People v Vickers, 168 AD3d at 1270).
"[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the [trier of fact] to resolve on the circumstances of the particular case" (People v Lam Lek Chong, 45 NY2d 64, 74 [1978], cert denied 439 US 935 [1978]; accord People v Kramer, 118 AD3d at 1041), including factors such as "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction" (People v Watson, 20 NY3d at 186 [internal quotation marks and citation omitted]; accord People v Peterkin, 135 AD3d 1192, 1192-1193 [2016]; see People v Gallo, 135 AD3d 982, 984 [2016]). "Notably, profit need not be pecuniary and includes transactions in which a defendant stands to benefit from the underlying sale in other ways, including getting cheaper or free drugs for himself or herself" (People v Vickers, 168 AD3d at 1272 [internal quotation marks, brackets and citation omitted]; see People v Robinson, 123 AD3d 1224, 1226 [2014], lvs denied 25 NY3d 992, 993 [2015]).
County Court heard testimony from an undercover officer who twice gave money to defendant and received heroin from him, another officer who observed the transactions from a distance and defendant himself. A video and audio recording of each transaction was admitted into evidence and the parties stipulated to admission of documents establishing that the substance exchanged was heroin. In his testimony, defendant admitted that he engaged in text message conversations with the undercover officer, they met in person, and on two different days the officer gave defendant money, defendant left for a short period of time, then he returned and handed the officer heroin. Therefore, the only question is whether the agency defense applies.
The officer and defendant had no prior relationship; they were introduced by an informant one day prior to the first recorded transaction involving the officer, at the time of a transaction in which defendant provided drugs to the informant. Defendant testified that he is not a drug dealer, but is only an addict who would act as a runner or middleman to obtain drugs for others in hopes that they, in appreciation of the favor, would give him a portion of the drugs for his own use. Although he did not demand or ask for part of the drugs, his hope or expectation of something in return for his efforts may, alone, be sufficient to defeat [*3]the agency defense (see People v Vickers, 168 AD3d at 1272; People v Robinson, 123 AD3d at 1226). In any event, the officer's testimony and the recordings showed that defendant asserted, more than once, that he owned the drugs that would be given to the officer. Defendant did not deny having made such statements, but testified that he lied to the officer about his ownership of the drugs because he was trying to prevent the officer from seeking other sources of drugs, and that addicts will say anything to get high. Although a different result would not have been unreasonable, when the proof is viewed as a whole, and accepting County Court's credibility assessments that necessarily favored the People's witnesses, the record establishes that the court's rejection of the agency defense — and, thus, its determination that defendant acted as a seller, rather than an agent of the buyer — is not against the weight of the evidence (see People v Peterkin, 135 AD3d at 1193; People v Johnson, 91 AD3d 1115, 1117 [2012], lv denied 18 NY3d 959 [2012]).
County Court did not err in partially denying defendant's motion to dismiss the indictment based upon the grand jury instructions. A review of the grand jury minutes reveals that the People instructed the grand jury on the agency defense in connection with the two sale counts. Defendant's contention that the People failed to charge the grand jury with a lesser included offense is unpreserved, as he did not raise that argument in his pretrial motion (see People v Sheltray, 244 AD2d 854, 854 [1997], lv denied 91 NY2d 897 [1998]; see generally People v Coleman, 4 AD3d 677, 678 [2004], lv denied 2 NY3d 797 [2004]).
Defendant also did not preserve his argument concerning County Court's Sandoval ruling. When defendant's testimony raised the agency defense, the People moved to reopen the Sandoval hearing to permit them to introduce evidence of defendant's prior drug-related convictions. Inasmuch as defendant limited his objections to the remoteness of those convictions, he failed to preserve his present argument that the prejudicial effect of those convictions outweighed their probative value (see People v Abrams, 73 AD3d 1225, 1227 [2010], affd 17 NY3d 760 [2011]; see also People v Quintana, 159 AD3d 1122, 1127-1128 [2018], lv denied 31 NY3d 1086 [2018]). In any event, courts often permit evidence of prior crimes related to drug activity to rebut the agency defense and establish the defendant's intent to sell (see e.g. People v Sidberry, 159 AD3d 486, 487 [2018], lv denied 31 NY3d 1087 [2018]; People v Nowlan, 130 AD3d 1146, 1146 [2015]; People v Lee, 129 AD3d 1295, 1297-1298 [2015], lv denied 27 NY3d 1001 [2016]; People v Poole, 79 AD3d 1685, 1687 [2010], lv denied 16 NY3d 862 [2011]; People v Deale, 26 AD3d 175, 176 [2006], lv denied 6 NY3d 893 [2006]; People v Lauderdale, 243 AD2d 760, 761 [1997], lv denied 91 NY2d 875 [1997]; see also People v Valentin, 29 NY3d 150, 156 [2017]), and the risk of prejudice [*4]was reduced in this bench trial, because the court is less likely than a jury to infer propensity from a defendant's prior criminal history.
County Court did not err in denying defendant's CPL article 330 motion to set aside the verdict, which was based on the court's failure to order a mental health examination. CPL 330.30 (1) provides that, "[a]t any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon . . . [a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court." "Since a trial court lacks this Court's interest of justice jurisdiction, its power is far more limited, and it may only grant a CPL 330.30 (1) motion where the error alleged has been preserved by a proper objection at trial" (People v Sudol, 89 AD3d 499, 499-500 [2011] [citation omitted]; see People v Kachadourian, 184 AD3d 1021, 1028 [2020], lv denied 35 NY3d 1113 [2020]; People v Smith, 89 AD3d 1126, 1131 [2011], lv denied 18 NY3d 962 [2012]). Defendant did not raise the issue of competency to stand trial in a pretrial motion or during trial, rendering the argument unpreserved (see People v Kachadourian, 184 AD3d at 1028-1029).
To the extent that defendant is arguing that County Court should have sua sponte ordered a mental health examination based on information in the record — and, thus, that no preservation was required — we find the argument to be without merit. "[A] defendant is presumed to be competent, and . . . is not entitled, as a matter of right, to have the question of his [or her] capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (People v Tortorici, 92 NY2d 757, 765 [1999] [internal quotation marks and citations omitted], cert denied 528 US 834 [1999]; see CPL 730.10, 730.30; People v Yu-Jen Chang, 92 AD3d 1132, 1134 [2012]). "A history of mental illness and drug abuse does not in itself call into question a defendant's competence to stand trial" (People v Duffy, 119 AD3d 1231, 1233 [2014] [internal quotation marks, brackets and citations omitted], lv denied 24 NY3d 1043 [2014]; see People v Park, 159 AD3d 1132, 1133 [2018], lv denied 31 NY3d 1085 [2018]; People v Kot, 126 AD3d 1022, 1024 [2015], lv denied 25 NY3d 1203 [2015]). Further, it weighs against a finding of incompetency to stand trial that "[a]t no time during the . . . proceeding did defense counsel, who was in the best position to assess defendant's capacity, raise the issue of defendant's fitness to proceed or request an examination pursuant to CPL 730.30" (People v Gelikkaya, 84 NY2d 456, 460 [1994]; accord People v Park, 159 AD3d at 1134). In denying defendant's motion, County Court [*5]noted — and the record confirms — that, although defendant testified that he was diagnosed in 2016 with bipolar disorder and schizophrenia, he was able to answer "all questions posed to him in a cogent and understandable manner," he "had a complete recall of the events that [led] to his arrest and prosecution," and none of his three different attorneys nor defendant himself hinted at any indication or reasonable ground to believe that he was incapable of understanding the proceedings against him or that an examination of his mental health should be conducted. Hence, the court did not abuse its discretion in denying defendant's motion.
Finally, County Court imposed prison terms that were less than half the statutory maximum (see Penal Law § 70.70 [3] [b] [i]) and ran them concurrently. Considering defendant's admissions to participating in the drug transactions at issue and his extensive criminal history, the sentence is neither harsh nor excessive (see People v Gilmore, 177 AD3d 1029, 1029 [2019], lvs denied 35 NY3d 970 [2020]; People v Cole, 150 AD3d 1476, 1482-1483 [2017], lv denied 31 NY3d 1146 [2018]).
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.