People v Avila (2021 NY Slip Op 02844)





People v Avila


2021 NY Slip Op 02844


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

110393
[*1]The People of the State of New York, Respondent,
v
Dennis Avila, Also Known as Chavo, Appellant.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered June 7, 2018, convicting defendant following a nonjury trial of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
A confidential informant (hereinafter CI) was working with the Plattsburgh Police Department and arranged to purchase heroin from defendant. Two separate controlled buys were held on consecutive days, after which defendant was arrested and charged by indictment with multiple crimes. Following a nonjury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. County Court thereafter sentenced defendant, as a second felony offender, to concurrent prison terms. Defendant appeals. We affirm.
Defendant's sole contention is that the verdict was against the weight of the evidence because the People failed to disprove his defense beyond a reasonable doubt that he was acting as an agent of the buyer. "Under the agency doctrine, 'a person who acts solely as the agent of a buyer in procuring drugs for the buyer is not guilty of selling the drug to the buyer, or of possessing it with intent to sell it to the buyer'" (People v Bickham, 189 AD3d 1972, 1973 [2020], lv denied ___ NY3d ___ [Mar. 2, 2021], quoting People v Watson, 20 NY3d 182, 185 [2012]). Factors to consider in determining whether the defendant is acting as an agent of a buyer include "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction" (People v Lam Lek Chong, 45 NY2d 64, 75 [1978], cert denied 439 US 935 [1978]). "[P]rofit need not be pecuniary and includes transactions in which a defendant stands to benefit from the underlying sale in other ways" (People v Bickham, 189 AD3d at 1974 [internal quotation marks and citations omitted]; see generally People v Job, 87 NY2d 956, 957 [1996]).
The trial evidence reveals that the CI contacted defendant so that she could purchase heroin from him. The CI met defendant at the arranged location and was led into an apartment by defendant where she saw individuals breaking up heroin. The CI testified that defendant took $250 from her and gave her heroin. Prior to this sale, the CI had never personally met defendant. The CI testified that, on the following day, the CI tried to contact defendant but could not reach him. Defendant eventually texted her and asked her to meet him at the same location as the previous time. The CI did so and was brought to the same apartment. Defendant took $250 from the CI and gave her heroin. The [*2]CI also testified that defendant asked her to perform oral sex on him, to which she responded in the negative.
A different result would not have been unreasonable had County Court, as the trier of fact, credited the testimony that the CI initiated contact with defendant. Nevertheless, the record reveals that the CI and defendant had not personally met prior to the sales at issue, defendant financially profited from the transactions, defendant had a hope of receiving a sexual favor and defendant took the CI to a place where other individuals were separating heroin. Viewing the evidence in a neutral light, the court's rejection of defendant's agency defense was not against the weight of the evidence (see People v Vickers, 168 AD3d 1268, 1273 [2019], lvs denied 33 NY3d 1028, 1036 [2019]; People v Peterkin, 135 AD3d 1192, 1193 [2016]; People v Jones, 77 AD3d 1170, 1172 [2010], lv denied 16 NY3d 896 [2011]; People v Nealon, 36 AD3d 1076, 1078 [2007], lv denied 8 NY3d 988 [2007]).
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.