■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SEABERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered November 7, 1985, convicting him of criminal possession of a controlled substance in the second degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after police made a warrantless entry into a commercial establishment containing a social club and an upstairs apartment, seeking to arrest two men who had sold their undercover agent a glassine envelope of white powder in the vestibule of the commercial establishment. Inside the apartment and not far from the defendant were more than 100 glassine envelopes containing what was later found to be cocaine.

The defendant argues that the cocaine found by the police must be suppressed, because it was the product of an illegal search. Initially, the defendant does not have standing to challenge the search since he did not demonstrate ownership, or the right to occupancy, or whether he had the right to exclude others from the premises (People v Rodriguez, 69 NY2d 159, 162-163). While the defendant's claim to standing is based on the fact that he opened the door to the police and the fact that he ordered his codefendants to take soda out of a room before they spilled it on the rug, these actions, in and of themselves, do not show that the defendant had a reasonable expectation of privacy in the premises (see, People v Ponder, 54 NY2d 160, 166).

Even if the defendant had standing to contest the legality of the search, it is clear that the search was undertaken under exigent circumstances (see, People v Clements, 37 NY2d 675, cert denied sub nom. Metzger v New York, 425 US 911). The Court of Appeals has set out the following factors to aid in a determination of whether exigent circumstances exist: " '(1) the degree of urgency involved and the amount of time necessary to obtain a warrant * * * (2) [a] reasonable belief that the contraband is about to be removed * * * (3) the possibility of danger to police officers guarding the site of the contraband while a search warrant is sought * * * (4) infor-

mation indicating the possessors of the contraband are aware that the police are on their trail * * * (5) the ready destructibility of the contraband and the knowledge "that efforts to dispose of narcotics and to escape are characteristic behavior of persons involved in the narcotics traffic" ' " *(People v Clements, supra,* at 684-685, citing *United States v Rubin,* 474 F2d 262, 268, *cert denied sub nom. Agran v United States,* 414 US 833).

Applying these factors to the instant case, it is apparent that the police were faced with exigent circumstances. It seemed that the sellers knew that the police were on their trail. Only a short time previously they had allowed three different customers into the building over a 15-minute period, including the undercover agent, who they did not know. When the police were lined up on either side of the door, however, no entry was permitted. In addition, there was a possibility of danger to policemen who would guard the building while a warrant was being obtained, because, as the police knew from their undercover agent, the sellers were armed. In addition, the narcotics the two men were selling could easily be destroyed or removed in the time that it would take to obtain a search warrant. Finally, it is common knowledge, as noted by the Court of Appeals, that efforts to destroy evidence and escape are characteristic of those involved in such narcotics traffic *(People v Clements, supra,* at 685).

Since there were exigent circumstances, the police would have been justified in entering the apartment even if it were the sellers' home *(Payton v New York,* 445 US 573, 590). Therefore, the police were correct in entering and once they were legitimately inside they could seize the contraband that was in plain view and arrest the occupants *(Payton v New York, supra,* at 587).

At the defendant's trial evidence of the drug sale was introduced, although the defendant was not charged with the sale of the drugs. Evidence of uncharged crimes is generally inadmissible to prove a criminal disposition *(People v Allweiss,* 48 NY2d 40). However, the evidence of the drug sale was properly admitted because it was inextricably interwoven with the events that led up to the defendant's arrest *(see, People v Quesada,* 118 AD2d 604).

Finally, the defendant objects to the prosecutor's statements in summation that he was running a drug factory. In both instances the defense attorney either did not object to the statement, or did not object to the adequacy of the curative instruction. Thus the issue was not preserved for appellate

review (CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953), and we decline to exercise our interest of justice jurisdiction to review such alleged errors. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.