■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR GORDON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 21, 1986, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is ample support in the record for the hearing court's denial of the defendant's motion to suppress the gun recovered by the police from the basement in which he was arrested. It is undisputed that exigent circumstances existed since a police officer was shot, justifying the limited security check of the basement area where the gun was found in plain view *(see, People v Green,* 103 AD2d 362; *People v Cohen,* 87 AD2d 77, *affd* 58 NY2d 844, *cert denied* 461 US 930).

We find no merit to the defendant's contention that the testimony given by a People's witness that the defendant waved a gun at him was an uncharged crime which unduly prejudiced the defendant. In response to the defense counsel's objection, the trial court ordered that portion of the testimony stricken from the record and gave the jury curative instructions. In any event, this testimony related to the incident that precipitated the crime and formed an intricate part of the entire narrative *(see, People v Ventimiglia,* 52 NY2d 350; *People v Seaberry,* 138 AD2d 422; *People v Quesada,* 118 AD2d 604).

Finally, there is no basis in the record to disturb the trial court's sentence, which we do not find unduly harsh or excessive *(People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.