■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BRANTLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 29, 1989, convicting him of criminal possession of a controlled substance in the first degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the police lacked probable cause to pursue and arrest him. The police observed an individual sitting on the stoop of 189 Clifton

Place in Brooklyn. During the course of 30 minutes, this individual directed 10 to 12 different people to the basement apartment of the building. Thereafter, an undercover officer purchased what appeared to be crack cocaine from the basement apartment.

Moments later, the police field team observed the defendant sitting on the stoop of 189 Clifton Place. The defendant matched the description of the "steerer". When several plain-clothes officers displaying their badges approached the defendant, he ran into the building and locked the front door behind him. One of the officers chased the defendant and opened the door with a battering ram. The officer drew his gun and followed the defendant up the stairs to the second floor. The defendant ran into a second floor apartment and barricaded the door. The officer banged on the door yelling, "Open up the door! * * * Police!". Finally, the defendant opened a door to the apartment and let the officer inside. However, when the officer had trouble handcuffing the defendant, he called for help.

Another officer, who was positioned on an adjacent rooftop to prevent escape, heard his fellow officer's plea and entered the apartment through a bedroom window. On a dresser in the bedroom, this officer observed a scale as well as numerous bags containing vials. After he helped his partner handcuff the defendant, the officer returned to the bedroom where he had seen the drug paraphernalia. He recovered a scale and brown paper bag containing a total of 1,678 vials of a rock-like substance. The brown paper bag also contained $2,565 in U.S. currency. In addition, the officer recovered a strainer containing the residue of a substance, as well as 15 plastic bags containing approximately 1,500 empty vials and 17 plastic bags containing approximately 1,700 vial caps.

While investigating, the officer heard a noise coming from the kitchen. He entered the kitchen and saw the codefendant sitting near the stove. On top of the stove, the officer recovered a large plastic bag which contained chunks of a rock-like substance.

Based upon the field team's observation of the defendant directing several individuals to the basement apartment, combined with the undercover officer's subsequent purchase of what appeared to be crack from the basement apartment, the police had probable cause to believe that a crime had been committed and that the defendant was a participant (see, People v Carrasquillo, 54 NY2d 248, 254). Further, we find that the police were faced with exigent circumstances which

justified their warrantless entry into the second floor apartment *(see, People v Clements,* 37 NY2d 675; *People v Seaberry,* 138 AD2d 422). The entry was justified since the police were in "hot pursuit" of the defendant, who was attempting to defeat a proper arrest by escaping into a private place *(see, United States v Watson,* 423 US 411, *reh denied* 424 US 979; *United States v Santana,* 427 US 38). In addition, when the defendant locked the front door of the apartment building and barricaded the apartment door, the police could logically conclude that the defendant would quickly destroy any contraband that was inside the apartment. Further, when the officer inside the apartment yelled for help, it was reasonable and appropriate for the officer positioned on the adjacent rooftop to enter the apartment to protect the safety of his fellow officer. Finally, once the officers were properly on the premises, they had the right and duty to seize the drugs and drug paraphernalia which were subsequently discovered in plain view *(see, Payton v New York,* 445 US 573, 587; *People v Seaberry, supra,* at 423).

Therefore, we find that the defendant's motion to suppress the evidence discovered in the apartment was properly denied. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.