OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was indicted and tried before a jury on four counts of criminal possession of a weapon in the third degree. He was convicted on all charges. The Appellate Division modified by vacating counts one and two. Defendant’s appeal, by leave of a Judge of this Court, is from the Appellate Division order insofar as it affirms the convictions on counts three and four. He claims he received ineffective assistance of counsel and that he was entitled to a
 
 Gomberg
 
 lawyer-conflict-of-interest admonition prior to trial
 
 (see, People v Gomberg,
 
 38 NY2d 307).
 

 Based on two discrete incidents during the summer of 1989, defendant was arrested for the unlawful possession of a loaded handgun. The first two counts arose on May 28, 1989 when a vehicle driven by Lorenzo Rhynes, in which defendant was a passenger, was lawfully stopped. The occupants were removed from the car and a .44 caliber revolver was observed in plain view under the seat where defendant had been sitting. While defendant and the driver Rhynes were arrested for possession of the gun, the Grand Jury returned a no-bill against Rhynes. At that time, Rhynes was represented by the lawyer who ultimately was assigned to represent defendant for trial purposes.
 

 Counts three and four — the only ones before us on this appeal — arose on June 12, 1989, when a police officer, responding to a citizen’s complaint, observed defendant throwing a .38 caliber, semiautomatic handgun to the ground. Following both arrests, defendant admitted ownership of the guns.
 

 At the beginning of the trial, defense counsel informed the court in defendant’s presence of the prior representation, of the steps he was taking to use his prior client in aid of defendant’s case, and of defendant’s knowledge of all the details. Defendant openly acknowledged and accepted the circumstance in answer to inquiries by the court and his lawyer.
 

 Defendant’s claim of ineffective-conflicted assistance of counsel centers on his trial lawyer’s failure to mention his former client (the unindicted codefendant as to counts one and
 
 *787
 
 two) in his opening statement to the jury and his failure to "passionately” argue his summation. In order to prevail in these circumstances, defendant must establish that "the conduct of his defense was
 
 in fact affected
 
 by the operation of the conflict of interest”
 
 (People v Alicea,
 
 61 NY2d 23, 31 [emphasis added];
 
 see also, People v Ortiz,
 
 76 NY2d 652). Defendant did not meet this heavy burden because "before relief will be accorded the conflict must do more than exist, it must have 'operated’ ” on the relationship
 
 (People v Recupero,
 
 73 NY2d 877, 879).
 

 Here, there is no question that a potential conflict existed by reason of counsel’s responsibility for defendant’s trial and his prior handling of Rhynes’ interests after his arrest. However, nothing in the record supports the claim that the potential conflict in fact "affected” or "operated on” the trial representation of appellant. Counsel’s failure to mention Rhynes in his short, focused, opening trial statement — which he was not obligated to give at all — at best raises only a question of trial strategy
 
 (see, People v Aiken,
 
 45 NY2d 394, 400).
 

 At trial, defense counsel called Rhynes as a witness on defendant’s behalf regarding ownership of the weapon found in his automobile. Rhynes testified that defendant had sold him the gun two or three days before the arrest and that he placed the loaded gun in the glove compartment of his car. Trial counsel’s summation specifically referred to this testimony and presented an issue as to whether defendant had sold the gun to Rhynes who had placed the gun in the glove compartment of his automobile. The summation thus identified weaknesses and inconsistencies in the People’s proof, if the jury chose to credit defendant’s evidence, which it evidently did not. Appellant points to no direct or circumstantial matters — only postmortem speculations — that defense counsel’s trial representation of defendant appeared to be less than wholehearted
 
 (cf., People v Ortiz,
 
 76 NY2d 652,
 
 supra).
 
 Appellant’s arguments, therefore, with respect to the entirely discrete third and fourth counts of the conviction, are unavailing.
 

 Finally, we note also that the Appellate Division misspoke in concluding that defendant was entitled to a
 
 Gomberg
 
 inquiry when the trial court was notified that defense counsel had previously represented Rhynes on the first two counts
 
 (see, People v Gomberg,
 
 38 NY2d 307,
 
 supra).
 
 This case involves successive representations, not multiple simultaneous representation of codefendants. A
 
 Gomberg
 
 inquiry is gener
 
 *788
 
 ally not required in these circumstances
 
 (see, e.g., People v Ortiz,
 
 76 NY2d 652,
 
 supra; People v Alicea,
 
 61 NY2d 23, 29,
 
 supra; compare, People v Lombardo,
 
 61 NY2d 97). In any event, in this case there was a frank, timely, on-the-record exchange concerning the precise matter, reflecting defendant’s full understanding and acceptance of his trial counsel’s role and representation.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order affirmed in a memorandum.