◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RESTIVO, Appellant. [619 NYS2d 584] —Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered February 24, 1987, convicting him of murder in the second degree (two counts) and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was wrongfully denied *Rosario* material because the prosecutor impermissibly withheld from the defense the Grand Jury testimony of witness Michael Cockerel *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). Since Cockerel was not called by the People to testify at trial, and was in fact called by the defense, his Grand Jury testimony was not *Rosario* material *(see, People v Gardner,* 162 AD2d 466).

We also reject the defendant's contention that the prosecutor failed to disclose that one of its witnesses was testifying pursuant to an agreement, and failed to correct misstatements of this witness in this regard *(see, Brady v Maryland,* 373 US 83; *People v Steadman,* 82 NY2d 1; *People v Novoa,* 70 NY2d 490, 496; *People v Savvides,* 1 NY2d 554). The record demonstrates that during both his opening statement and summation the prosecutor made the jury aware that its witness received a reduced sentence for his testimony. In addition, during the witness's testimony the jury was informed as to the details of the witness's reduced sentence.

The defendant contends that he was denied his right to be present during the trial court's side bar voir dire of prospective jurors. This argument must be rejected as the defendant's trial commenced in October 1986 and the rule entitling a defendant to be present during side bar voir dires applies prospectively to trials commencing after April 7, 1992 *(see, People v Sprowal,* 84 NY2d 113; *People v Mitchell,* 80 NY2d 519).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.