■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO FLOREZ, Appellant. [697 NYS2d 300] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered May 27, 1997, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The court properly permitted the People to cross-examine the defendant concerning the underlying acts of a prior drug-related conviction because the defendant created the false impression on direct examination that he never participated in drug-related transactions in the past (*see, People v McElroy,* 239 AD2d 521). Moreover, the court properly declined to give a circumstantial evidence charge because the defendant's response to nonverbal communication from another participant in the drug transaction and receipt of the buy money was direct evidence of his participation in the drug transaction, rather than circumstantial evidence as the defendant contends (*see, People v Roldan,* 88 NY2d 826).

The defendant received effective assistance of counsel, viewing the evidence, the law, and the circumstances of the case in totality and as of the time of the representation (*see, People v Benevento,* 91 NY2d 708; *People v Ford,* 86 NY2d 397, 404).

As correctly conceded by the People, the count of the indictment charging the defendant with criminal possession of a con-

trolled substance in the seventh degree constituted a concurrent inclusory count of criminal possession of a controlled substance in the third degree, under the facts submitted to the jury (*see, People v Grier,* 37 NY2d 847). Accordingly, the conviction for that charge must be vacated and that count of the indictment dismissed (*see,* CPL 300.40 [3]).

The defendant's remaining contentions are unpreserved for appellate review (*see, People v Graves,* 85 NY2d 1024; *People v Tevaha,* 84 NY2d 879) and, in any event, without merit (*see, People v Ortiz,* 239 AD2d 441; *People v Restivo,* 209 AD2d 448). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.