■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GUTHRIE, Appellant. [869 NYS2d 292]—

Cardona, P.J.

Defendant was convicted following a jury trial of criminal sale of a controlled substance in the third degree and was sentenced, as a second felony offender, to a prison term of 7½ years, followed by three years of postrelease supervision.

Initially, we find that there was legally sufficient evidence for the jury to reject defendant's agency defense. "[W]hether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]; *see People v Nealon*, 36 AD3d 1076, 1077 [2007], *lv denied* 8 NY3d 988 [2007]). Here, in satisfying their burden of establishing that defendant knowingly and unlawfully sold narcotic drugs (*see* Penal Law § 220.39 [1]), the People presented testimony from several City of Albany police detectives and a confidential informant, all of whom described their roles in, and observations of, the undercover buy-and-bust operation that led to defendant's arrest. The testimony established that after detectives searched the confidential informant and fitted him with a recording device, he was dropped off in the area of Central Avenue in Albany County to assist in the controlled drug buy. Once there, the confidential informant encountered defendant, a complete stranger who appeared to be under the influence of drugs. The confidential informant asked him if he could help him get $40 worth of crack cocaine. Defendant immediately told him to stay put while he went to his "nephew"* about 20 yards away to get the crack cocaine. Defendant then approached a nearby individual and, upon returning, handed the confidential informant a bag containing a substance that later tested positive for crack cocaine in exchange for $40. Following the completion of the transaction, defendant returned to his "nephew." Based upon the confidential informant's description, defendant was arrested a short time later.

Viewing the evidence in a light most favorable to the People,

---

* The confidential informant testified that "nephew" is street slang and does not denote a familial relationship.

and according them every reasonable inference, we find that this evidence, which evinces defendant's role as more than just a buyer's agent in the drug transaction, amply supports the jury's rejection of the proffered agency defense (*see People v Sheppard*, 273 AD2d 498, 499 [2000], *lv denied* 95 NY2d 908 [2000]; *see also People v Herring*, 83 NY2d 780, 782-783 [1994]). Furthermore, in the exercise of our factual review power and according deference to the jury's credibility determinations, we conclude that the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Delaney*, 42 AD3d 820, 821 [2007], *lv denied* 9 NY3d 922 [2007]; *People v Stephens*, 31 AD3d 890, 891 [2006], *lv denied* 7 NY3d 870 [2006]).

Next, contrary to defendant's contention, we find no abuse of discretion in County Court declining to issue a missing witness charge as to the lead police detective in the controlled drug buy. Nothing in the record establishes that the detective's testimony would have been different from or inconsistent with the testimony already provided by other witnesses involved in that operation (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Buckler*, 39 NY2d 895, 897 [1976]).

Finally, our review of this record demonstrates no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see People v Holman*, 53 AD3d 775, 776 [2008]).

Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.

 