■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY PENA, Appellant. [916 NYS2d 768]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 12, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of four years, unanimously affirmed.

Defendant was not deprived of his right to conflict-free counsel when his attorney represented a codefendant at a joint guilty plea proceeding, in the temporary absence of the codefendant's own attorney. Defendant has not established that any conflict of interest operated to his detriment or bore a substantial relation to the conduct of the defense (*see People v Recupero*, 73 NY2d 877, 879 [1988]; *see also Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). The record, including the transcript of the sentencing proceeding at which the codefend-

ant's attorney appeared, establishes that defendant's attorney's brief representation of the codefendant was essentially ministerial. We also note that defendant and the codefendant received identical dispositions.

The plea minutes also establish that defendant was expressly informed of the deportation consequences of his guilty plea, and his arguments to the contrary are without merit. Concur—Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ.