■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOBUTU THORNHILL, Appellant. [962 NYS2d 910]—Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered May 24, 2011, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction of resisting arrest is not supported by legally sufficient evidence is unpreserved for appellate review, as defense counsel did not specifically address the resisting arrest count when he moved for a trial order of dismissal (see People v Hawkins, 11 NY3d 484, 492-493 [2008]; People v Parris, 70 AD3d 725, 727 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of resisting arrest.

Furthermore, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the count of resisting arrest was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE TORRES, Appellant. [962 NYS2d 914]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Guzman, J.), imposed October 21, 2010, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Lopez, 6 NY3d 248, 256-257 [2006]), and thus does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Leventhal and Hall, JJ., concur.