■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WATSON, Appellant. [981 NYS2d 753]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered April 2, 2012, convicting him of criminal possession of a weapon in the second degree, unlawful possession of marijuana, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Near midnight on June 30, 2009, Bobby Thomas almost struck a police car when he drove his vehicle, without its headlights illuminated, through a stop sign and into an intersection. The police attempted to pull Thomas over, but he refused to stop. In attempting to evade the police, Thomas drove through several stop signs and a red traffic signal before crashing his vehicle into a fence. Thomas got out of his car and continued to flee, on foot, with the police in pursuit. When Thomas ran into the basement apartment of a house, the police knocked on the door and demanded entry. The codefendant, Mark Brown, who was inside the apartment, unlocked the door, and the police entered. They saw marijuana on a coffee table in the living room and more marijuana in the kitchen. Hearing sounds from the bathroom, the police tried to open the door, but the defendant, who was inside, tried to hold the door shut. The police forced the door open and subdued him. In an open hamper, the police found a loaded Glock pistol. Eventually, the police found Thomas hiding under a bed in one of the bedrooms. They also found another pistol in that bedroom. The defendant, who resided in the apartment, was charged with, among other crimes, criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) (intent to use unlawfully) with respect to the Glock pistol. He was tried jointly with Mark Brown and was convicted of criminal possession of a

weapon in the second degree, unlawful possession of marijuana, and resisting arrest. The defendant raises numerous claims on this appeal.

First, the defendant contends that the Glock pistol and the marijuana should have been suppressed because the police entered his home without a warrant. Although, as a general rule, a warrantless police entry into a suspect's home to make an arrest is "presumptively unreasonable" (*Payton v New York*, 445 US 573, 586 [1980]; *see People v McBride*, 14 NY3d 440, 445 [2010], *cert denied* 562 US —, 131 S Ct 327 [2010]; *People v Levan*, 62 NY2d 139, 144 [1984]; *People v Gonzales*, 111 AD3d 147, 149-150 [2013]), exigent circumstances or a true "hot pursuit" may justify a warrantless entry (*see United States v Santana*, 427 US 38, 43 [1976]; *People v White*, 291 AD2d 250, 250 [2002]). Here, the police justifiably entered the defendant's home in "hot pursuit" of Thomas (*see People v Brantley*, 189 AD2d 886 [1993]), and they were still looking for Thomas when they saw the marijuana in the living room and kitchen and when they forced their way into the bathroom, encountered the defendant, and saw the gun in the open hamper. Accordingly, the police lawfully seized the gun and the marijuana, and that branch of the defendant's omnibus motion which was to suppress the gun and the marijuana was properly denied (*see People v Miles*, 210 AD2d 353, 353-354 [1994]; *People v Brantley*, 189 AD2d at 888).

Inasmuch as the defendant did not direct his motion for a trial order of dismissal to the charge of criminal possession of a weapon in the second degree, his claim that the evidence was legally insufficient to prove his guilt of that crime is not preserved as a question of law for appellate review (*see* CPL 470.05 [2]; *People v Thornhill*, 105 AD3d 978, 978 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence, coupled with the applicable statutory presumption (*see* Penal Law § 265.15 [4]), was legally sufficient with respect to that count. The defendant's contentions that the evidence was not legally sufficient to prove his guilt of unlawful possession of marijuana or resisting arrest are likewise without merit (*see People v Contes*, 60 NY2d at 621; Penal Law § 220.25 [2]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v*

*Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the count charging him with criminal possession of a weapon in the second degree was duplicitous because the indictment did not specify which of the two weapons found in the apartment was the subject of the count. The defendant never raised this claim of duplicitousness in the Supreme Court, so it is not preserved for appellate review (*see People v King*, 85 AD3d 820, 821 [2011]). The claim is, in any event, meritless. The count charging the defendant with criminal possession of a weapon in the second degree charged the possession of one weapon (*see People v Lora*, 176 AD2d 273 [1991]). Further, there was no danger of a nonunanimous verdict with respect to which gun the defendant possessed. At trial, the prosecutor specified in his opening statement and summation which of the two weapons was the subject of that count. Further, the court specified in its instructions to the jury which weapon was the subject of the weapon-possession count against the defendant.

Reversal of the defendant's conviction is likewise not warranted by events that occurred in the period during jury deliberations while the defendant's attorney was absent from the courtroom. While counsel was absent, the jury sent two notes. However, the codefendant's counsel communicated the contents of the jury's first note to the defendant's counsel, and the defendant's counsel had an opportunity to help formulate a response and to consult with the defendant himself. Under these circumstances, the defendant's claim of error with respect to the first note is without merit. As to the second note, the codefendant's counsel acted as the defendant's attorney (*see People v Pena*, 81 AD3d 412, 412 [2011]; *People v Hunt*, 227 AD2d 568, 569 [1996]) in formulating a response. Moreover, the brief period of joint representation by the codefendant's counsel of both the codefendant and the defendant did not deprive the defendant of the effective assistance of counsel. The joint representation presented only a potential conflict of interest, and it is the defendant's "heavy burden" (*People v Jordan*, 83 NY2d 785, 787 [1994]) to show that a potential conflict actually operated on the defense (*see People v Sanchez*, 21 NY3d 216, 223 [2013]). Here, the record demonstrates that the defenses presented by the codefendant and the defendant were not inconsistent, and the brief period of joint representation resulted only in the court giving the same instruction on constructive possession

that it had given already when the defendant's counsel was present. Thus, the defendant has not met his "heavy burden" of establishing that the potential conflict operated on the conduct of his defense (*People v Jordan*, 83 NY2d 785, 787 [1994]; *see People v Pena*, 81 AD3d at 412-413).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.