Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 16, 2015                    106905
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

CHRISTOPHER M. VANGUILDER,
                        Appellant.
_____


Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____


        Robert Gregor, Lake George, for appellant.

        G. Scott Walling, Special Prosecutor, Schenectady, for
respondent.

_____


McCarthy, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered May 30, 2014, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree (two counts), criminal
possession of a controlled substance in the third degree (two
counts) and criminal possession of a controlled substance in the
seventh degree (two counts).

        On two separate occasions, a police officer fit a
confidential informant (hereinafter the CI) with a recording
device and sent him into defendant's mobile home in Saratoga
County to buy crack cocaine.  After both controlled buys
occurred, defendant and Sadie Willis were indicted for the crimes
of criminal sale of a controlled substance in the third degree

(two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts). In full satisfaction of the indictment against her, Willis pleaded guilty to attempted sale of a controlled substance in the third degree and agreed to testify against defendant. Following a jury trial, at which defendant raised the defense of agency, defendant was convicted as charged and sentenced, as a second felony drug offender, to an aggregate prison term of 10 years to be followed by six years of postrelease supervision. Defendant appeals.

The verdict is supported by legally sufficient evidence and is not against the weight of such evidence. As relevant here, the People were required to establish that defendant knowingly and unlawfully possessed a narcotic drug with intent to sell it (see Penal Law § 220.16 [1]), and that defendant knowingly and unlawfully sold a narcotic drug (see Penal Law § 220.39 [1]). Additionally, since defendant advanced an agency defense, it was incumbent upon the People to establish that defendant had not acted "solely as the agent of the buyer" (People v Lam Lek Chong, 45 NY2d 64, 73 [1978] [internal quotation marks and citation omitted], cert denied 439 US 935 [1978]), as such a defense negates the intent element of both offenses (see People v Watson, 20 NY3d 182, 185-186 [2012]; People v Guthrie, 57 AD3d 1168, 1169 [2008], lv denied 12 NY3d 816 [2009]). The issue of whether a defendant was the seller of a drug, "or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (People v Lam Lek Chong, 45 NY2d at 74; see People v Guthrie, 57 AD3d at 1169). In so doing, "the jury . . . may consider such factors as the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction" (People v Ortiz, 76 NY2d 446, 449 [1990] [internal quotation marks and citation omitted]). "Notably, profit does not necessarily equate with pecuniary gain" in determining whether a defendant may stand to benefit from the underlying sale (People v Robinson, 123 AD3d 1224, 1226 [2014], lvs denied 25 NY3d 992, 993 [2015]).

Here, the CI testified that he had known defendant for approximately one month and had bought drugs in his home on 5 to 10 occasions. Willis testified that she had known defendant for approximately one year and had sold drugs out of his home on about 12 occasions. According to Willis, she would give defendant crack cocaine in exchange for the use of his house and "whenever [she] felt that he deserved it." Willis further explained that those occasions when defendant deserved crack cocaine were when defendant made sales of the drug. Willis acknowledged that her customers were "[defendant's] people" because she was from New York City. Willis further testified that she kept exclusive control of the crack cocaine at all times, except for the transactions, due to the fact that defendant was a user. On the video recording of the first sale, Willis and the CI wait for defendant to begin the transaction, at which point the CI gives defendant the money, and defendant counts it and gives the CI the crack cocaine. On the recording of the second sale, defendant answers the door, takes the money from the CI and counts it, whereupon Willis goes to get the crack cocaine and hands it to defendant, who then gives it to the CI. During both sales, defendant asks for "a hit" from the sale, and when the CI refuses, defendant responds, "You never do" and, "It don't matter to me."

Although defendant did not receive a monetary share of the profits from the drug sales, Willis testified that she gave him crack cocaine in exchange for his assistance with a successful sale. Further, defendant touted the product and thereby exhibited "[s]alesman-like behavior" (People v Roche, 45 NY2d 78, 85 [1978], cert denied 439 US 958 [1978]; see People v Robinson, 123 AD3d at 1226). Additionally, the evidence of defendant's prior conviction of criminal possession of a controlled substance in the fifth degree showed that defendant previously participated in a drug transaction in which he had intended to sell drugs (see People v Monykuc, 97 AD3d 900, 901 [2012]; People v Lauderdale, 243 AD2d 760, 761 [1997], lv denied 91 NY2d 875 [1997]). Viewing the foregoing evidence in a light most favorable to the People, and according them every reasonable inference (see People v Contes, 60 NY2d 620, 621 [1983]; People v Abbott, 107 AD3d 1152, 1155 [2013]), the evidence evinces that defendant played a greater role than just a buyer's agent in the drug transactions

(see People v Guthrie, 57 AD3d at 1169-1170).  Further, the jury was also entitled to credit this evidence that defendant acted as an agent of Willis, the seller and, deferring to those credibility determinations, we do not find defendant's convictions to be against the weight of the evidence (see People v Robinson, 123 AD3d at 1226-1227).

County Court did not err in allowing testimony that a person threatened the CI with a gun in defendant's home. Defendant's objection that this testimony was outside the scope of his cross-examination of the CI did not preserve his Molineux and relevancy arguments for our review (see People v Mattis, 108 AD3d 872, 875 [2013], lvs denied 22 NY3d 957 [2013]; see generally People v Gray, 86 NY2d 10, 20-21 [1995]).  In any event, no Molineux analysis was required, as defendant was not involved in the alleged incident wherein the CI was threatened with a handgun (see People v Arafet, 13 NY3d 460, 465 [2009]; People v Kindred, 100 AD3d 1038, 1039 [2012], lv denied 21 NY3d 913 [2013]).  Additionally, the evidence in question was relevant given previous questioning by defense counsel as to whether the CI chose to implicate defendant – rather than allegedly more central drug dealers in the operation – because a controlled buy at defendant's home would be safer for the CI.  Further, any minimal prejudice to defendant that could arise from the CI's description of another party's bad act in defendant's home did not substantially outweigh the probative value of such evidence, especially given the court's limiting instructions (see People v Burkett, 101 AD3d 1468, 1471 [2012], lv denied 20 NY3d 1026 [2013]; People v Kindred, 100 AD3d at 1039; see generally People v Mateo, 2 NY3d 383, 425 [2004], cert denied 542 US 946 [2004]).

County Court provided the jury with meaningful responses to their inquiries during deliberations.  Defendant contends that the court failed to meaningfully respond to the jury's inquiries because it failed to offer a supplemental explanation directly addressing the relationship between the agency defense and accessorial liability.  However, although the jury asked for additional instruction regarding the agency defense and then a read-back of the court's charge regarding accessorial liability, it did not explicitly seek an explanation from the court as to the relationship between that defense and that theory of

liability.  Under the circumstances, County Court's choice to accurately answer the questions that the jury asked without going beyond the jury's request was within the court's discretion and appropriately responsive (see CPL 310.30; People v Almodovar, 62 NY2d 126, 131-132 [1984]; People v Acevedo, 118 AD3d 1103, 1107-1108 [2014]; People v Williams, 28 AD3d 1005, 1010 [2006], lv denied 7 NY3d 819 [2006]).

As the People concede, the two counts of criminal possession of a controlled substance in the seventh degree are inclusory concurrent counts of criminal possession of a controlled substance in the third degree (compare Penal Law § 220.16 [1], with Penal Law § 220.03; see People v Bailey, 295 AD2d 632, 635 [2002], lv denied 98 NY2d 766 [2002]).  "When inclusory counts are submitted for consideration, they must be submitted in the alternative since a conviction on the greater count is deemed a dismissal of every lesser count" (People v Bailey, 295 AD2d at 635; see CPL 300.40 [3] [b]; People v Miller, 6 NY3d 295, 300 [2006]; People v Paige, 120 AD2d 808, 811 [1986], lv denied 68 NY2d 772 [1986]).  Therefore, defendant's misdemeanor convictions of criminal possession of a controlled substance in the seventh degree must be reversed and the concurrent, one-year sentences vacated (see People v Bailey, 295 AD2d at 635; People v Florez, 265 AD2d 491, 491-492 [1999], lv denied 94 NY2d 880 [1999]).

We are not persuaded, however, that defense counsel's failure to request an alternative charge on these counts "elevates this case to the level of one of those rare cases where a single lapse can constitute ineffective assistance of counsel" (People v Baker, 58 AD3d 1069, 1072 [2009]).  Although counsel erred on a clear-cut issue (see e.g. People v Coleman, 2 AD3d 1045, 1047 [2003]; People v Bailey, 295 AD2d at 635; People v Florez, 265 AD2d at 491-492; People v Brown, 198 AD2d 291, 292 [1993], lv denied 82 NY2d 891 [1993]; People v Wilson, 162 AD2d 747, 748 [1990], lv denied 76 NY2d 945 [1990]), such an error must be viewed in the context of the entire representation, particularly in light of the other charges that defendant faced. Most importantly here, counsel's error appears to arise from his failure to properly consider the misdemeanor charges of criminal possession of a controlled substance in the seventh degree.

While defendant was certainly entitled to representation on those charges, defendant had previously been convicted of a felony drug offense and faced felony charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.  Given the vastly disparate potential outcomes related to the felony and misdemeanor offenses with which defendant was charged, particularly in light of his prior felony drug conviction (compare Penal Law § 70.15, with Penal Law § 70.70 [1] [b]; [3] [b] [i]), and absent any proof that counsel's failure was greater than that of failing to properly attend to the misdemeanor charges, we do not find that defendant was deprived of meaningful representation (compare People v Smith, 30 AD3d 693, 694 [2006]). Defendant's remaining contentions as to ineffective assistance of counsel do not warrant any different result, as he has not established the absence of "strategic or other legitimate explanations" for those alleged errors (People v Duffy, 119 AD3d 1231, 1234 [2014], lv denied 24 NY3d 1043 [2014]; see People v Wimberly, 86 AD3d 806, 808 [2011], lv denied 18 NY3d 863 [2011]).

Additionally, as defendant fails to even allege that the potential conflict arising from defense counsel's simultaneous representation of a third party in an unrelated matter "affected, or operated on, or [bore] a substantial relation to the conduct of the defense" in this case, we find his argument in this regard to be unavailing (People v Sanchez, 21 NY3d 216, 223 [2013]; see People v Watson, 115 AD3d 687, 689 [2014], lv denied 23 NY3d 1069 [2014]).  Finally defendant's sentence is not harsh or excessive given his criminal history and the fact that the sentence is less than the maximum authorized (see Penal Law § 70.70 [1] [b]; [3] [b] [i]; People v Bailey, 295 AD2d at 635).

Defendant's remaining arguments are without merit.

Lahtinen, J.P., Rose and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, by reversing defendant's convictions of criminal possession of a controlled substance in the seventh degree under counts 3 and 6 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court