Lynch, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered May 14, 2015, upon a verdict convicting defendant of the crimes of robbery in the third degree, criminal possession of a controlled substance in the second degree and grand larceny in the third degree. On July 10, 2012, defendant, wearing clothing to conceal his identity, entered a pharmacy and handed a note to the pharmacist stating, “Give me all your oxycodone, 30 milligrams, and oxycontin, I have a knife.” The pharmacist complied with the demand, and defendant exited the pharmacy with a bag containing approximately 1,192 pills worth $5,253. After law enforcement received a tip from defendant’s former spouse, defendant was arrested in 2014 in Delaware and charged in an indictment with robbery in the first degree, criminal possession of a controlled substance in the second degree and grand larceny in the third degree. Following a jury trial, during which defendant admitted to robbing the pharmacy but denied that he possessed a knife, he was convicted of the lesser included offense of robbery in the third degree, criminal possession of a controlled substance in the second degree and grand larceny in the third degree. County Court sentenced defendant to concurrent prison terms of 2V3 to 7 years on his conviction for robbery in the third degree, 2V3 to 7 years on his conviction for grand larceny in the third degree and eight years, with five years of postrelease supervision, on his conviction for criminal possession of a controlled substance in the second degree. Defendant was also fined $5,000. Defendant now appeals. Defendant argues that his sentence was harsh and excessive given, among other things, his military service-related mental health issues, as well as his opiate addiction resulting from prescriptions that he received to address the effects of malaria, which he contracted during his first tour of duty in Afghanistan.* This Court has the broad authority to modify a sentence in the interest of justice, even one within the permissible statutory parameters (see CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]; People v Perry, 70 AD3d 1063, 1065 [2010], lv denied 14 NY3d 804 [2010]). In light of defendant’s admission from the outset that he perpetrated the robbery, albeit without a knife, the correlation between the illness that he contracted while serving in Afghanistan and an opioid addiction that precipitated this event, his duly expressed remorse and his lack of any prior criminal record, we find that his sentence for the criminal possession of a controlled substance conviction was unduly severe and should be reduced to three years, with five years of postrelease supervision, to run concurrently with the sentences for his other convictions. Correspondingly, we vacate the $5,000 fine. McCarthy, J.P., Clark and Pritzker, JJ., concur. Defendant returned to Afghanistan for a second tour of duty in 2013.