■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VICKERS, Also Known as RASHAD ABDUR-RAHMAN, Appellant. [68 NYS3d 571]—

Devine, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered January 30, 2015, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).

An undercover police officer, outfitted with recording equipment, purchased heroin from defendant on three occasions in the City of Albany. Defendant was arrested shortly after the third transaction and was charged in an indictment with three counts of criminal sale of a controlled substance in the third degree. At the jury trial that ensued, defendant did not dispute that the transactions occurred and advanced an agency defense. The jury convicted defendant on two counts of criminal sale of a controlled substance in the third degree relating to the second and third transactions. Following an unsuccessful motion by defendant to set aside the verdict, County Court sentenced him to an aggregate prison term of three years to be followed by postrelease supervision of two years. Defendant now appeals.

To begin, "defendant's nonspecific motion for a trial order of dismissal was insufficient to preserve his argument that the conviction was not supported by legally sufficient evidence," and his presentence motion to set aside the verdict did nothing to remedy that problem (*People v Morris*, 140 AD3d 1472, 1472-1473 [2016], *lv denied* 28 NY3d 1074 [2016]; *see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Cruz*, 152 AD3d 822, 823 [2017], *lv denied* 30 NY3d 1018 [2017]). Defendant is nevertheless entitled to an assessment of "whether the ele-

ments of the charged crimes were proven beyond a reasonable doubt upon our weight of the evidence review where, if a different verdict would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Cruz*, 152 AD3d at 823 [internal quotation marks and citations omitted]; *see People v Kancharla*, 23 NY3d 294, 302-303 [2014]; *People v Morris*, 140 AD3d at 1473).

Defendant did not dispute at trial that he had heroin and provided it to the undercover officer as charged. Defendant did claim that he lacked the requisite intent to sell the heroin (*see* Penal Law §§ 220.00 [1]; 220.16 [1]), however, and we must assess "whether the agency defense [he advanced] was disproven in the context of our weight of the evidence review" (*People v Peterkin*, 135 AD3d 1192, 1192 [2016]; *see People v Vanguilder*, 130 AD3d 1247, 1248 [2015], *lv denied* 27 NY3d 1008 [2016]). The agency defense "permit[s] the jury to find [a] defendant [to be] an agent of the buyer, rather than a seller, and treat him [or her] accordingly" (*People v Davis*, 14 NY3d 20, 24 [2009]; *see People v Lam Lek Chong*, 45 NY2d 64, 73 [1978], *cert denied* 439 US 935 [1978]). In considering that defense, the jury was tasked with considering factors such as "the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction" (*People v Lam Lek Chong*, 45 NY2d at 75; *see People v Peterkin*, 135 AD3d at 1192-1193; *People v Vanguilder*, 130 AD3d at 1249).

The undercover officer testified that defendant was not providing him with heroin as a favor and that the two men had no relationship beyond the three charged sales. The officer began directly communicating with defendant through the efforts of a confidential informant, who also tipped off the officer that defendant was a potential source of heroin. The sale price in the first transaction—for which defendant was acquitted—was average. The prices demanded for the second and third transactions were not, with the trial evidence showing that they were approximately twice as much as would be normal in the Albany area. Defendant justified the inflated price with "[s]alesman-like behavior" in vouching for the quality of the heroin, included gas money for himself as part of those transactions and, according to the officer, stated that he was earning a

commission during the third transaction (*People v Roche*, 45 NY2d 78, 85 [1978], *cert denied* 439 US 958 [1978]; *see People v Vanguilder*, 130 AD3d at 1249).

Defendant, in contrast, testified that he began conveying heroin to the officer as a favor to the confidential informant, who showed up unannounced at defendant's residence, convinced him that they were relatives and did him favors that included providing him with heroin. That being said, the confidential informant did not supply defendant with heroin for the second and third transactions and did not discuss the ongoing sales to the officer with defendant. Defendant also admitted that his purported friendship with the officer was limited to communications involving heroin. Defendant further claimed that, despite being a regular user of heroin himself, he could only find heroin at the exorbitant prices he charged the officer for the second and third transactions and did not profit off of them. The jury rejected defendant's implausible explanations for his conduct and found that he "played a greater role than just a buyer's agent in the [second and third] drug transactions" and, deferring to that credibility determination, we cannot say that defendant's convictions were against the weight of the evidence (*People v Vanguilder*, 130 AD3d at 1250; *see People v Robinson*, 123 AD3d 1224, 1226-1227 [2014], *lv denied* 25 NY3d 992 [2015]; *People v Kramer*, 118 AD3d 1040, 1042 [2014]).

Defendant next contends that he was plagued by the ineffective assistance of counsel. Defendant argues that defense counsel failed to sufficiently investigate what sparked interest in his drug activities as well as the identity and motivations of the confidential informant but, in the absence of record proof on the scope of defense counsel's pretrial investigation, that claim is best explored in a CPL article 440 motion (*see People v Griffin*, 134 AD3d 1228, 1230 [2015], *lv denied* 27 NY3d 1132 [2016]; *People v Bahr*, 96 AD3d 1165, 1166 [2012], *lv denied* 19 NY3d 1024 [2012]). To the extent that defendant complains of failings on the record, he must show "the absence of strategic or other legitimate explanations for counsel's failure" and, without that "showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Honghirun*, 29 NY3d 284, 289 [2017]). Defense counsel pursued a coherent strategy that relied heavily on the role of the confidential informant in encouraging defendant to begin selling heroin to the officer and, indeed, that strategy resulted in defendant's acquittal upon the first count of the indictment.

Inasmuch as defendant testified to the lessening role of the confidential informant as time went on, there was a legitimate reason for defense counsel to avoid fleshing that role out any more than he did (*see People v Mosby*, 78 AD3d 1371, 1373 [2010], *lv denied* 16 NY3d 834 [2011]; *People v Hammond*, 116 AD2d 766, 767 [1986], *lv denied* 67 NY2d 943 [1986]). Accordingly, "objectively viewing the record as a whole, we conclude that defendant was provided with meaningful representation" (*People v Johnson*, 91 AD3d 1115, 1116 [2012], *lv denied* 18 NY3d 959 [2012]; *see People v Honghirun*, 29 NY3d at 289; *People v Mosby*, 78 AD3d at 1373).

Defendant finally argues that his prison sentence was harsh and excessive. The record reflects that, despite defendant's prior criminal history and the recommendation of the People that he receive an aggregate sentence of 15 years in prison, County Court took his addiction issues into account by imposing a much lighter aggregate prison sentence of three years and ensuring his enrollment in a substance abuse treatment program. Our review of the record therefore "evinces neither an abuse of the court's discretion nor the existence of any extraordinary circumstances warranting a reduction of the sentence in the interest of justice" (*People v Gillespie*, 125 AD3d 1017, 1018 [2015]; *see People v Rock*, 151 AD3d 1383, 1384 [2017], *lv denied* 30 NY3d 953 [2017]; *cf. People v Wyrick*, 154 AD3d 1181, 1182 [2017]).

McCarthy, J.P., Rose, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed.