People v Zi He Wu (2018 NY Slip Op 03572)





People v Zi He Wu


2018 NY Slip Op 03572


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

109034

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ZI HE WU, Appellant.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Goldberger & Dubin, PC, New York City (Stacey A. Van Malden of counsel), for appellant.
Kelli P. McCoski, District Attorney, Fonda (Lorraine C. Diamond of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Montgomery County (Sira, J.), rendered November 21, 2016, upon a verdict convicting defendant of the crime of assault in the second degree (two counts).
Defendant was admitted to a hospital's mental health inpatient unit in April 2016 and, while there, attacked and injured two employees in an apparent attempt to flee. He was charged in an indictment with offenses related to that incident and, at trial, advanced "the affirmative defense of lack of criminal responsibility by reason of mental disease or defect" (CPL 250.10 [1] [a]; see Penal Law § 40.15). The jury rejected that defense and found him guilty of two counts of assault in the
second degree. County Court then sentenced defendant to concurrent prison terms of five years to be followed by postrelease supervision of two years. Defendant appeals, and we affirm.
Defendant contends that trial counsel rendered ineffective assistance, an argument that will fail if "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]; accord People v Oliveras, 21 NY3d 339, 346 [2013]). It is further incumbent upon defendant to show that counsel's performance was deficient and "that any alleged failure by defense counsel lacked a 'strategic or other legitimate explanation[]' at the time it occurred" (People v Pottorff, 145 AD3d 1095, 1097 [2016], lv denied [*2]30 NY3d 1063 [2017], quoting People v Nicholson, 26 NY3d 813, 831 [2016]; see People v Rosario, 157 AD3d 988, 993 [2018]).
Defense counsel had the daunting task of defending a case where defendant's actions on the night of the incident were beyond dispute. Defense counsel played this weak hand by giving late notice of, and successfully arguing for leave to present, the defense of mental disease or defect via the testimony of a clinical psychologist (see CPL 250.10 [2]). The delay in asserting that defense was explained to County Court's satisfaction, and defendant gives no reason to believe that defense counsel's explanation was incorrect. Nothing in defense counsel's examination of the psychologist — in which counsel elicited the psychologist's knowledge of certain inconvenient facts in a seeming effort to show that the psychologist had considered them in forming an opinion as to defendant's mental state — reflected a lack of preparation as opposed to valid strategy (cf. People v Wilson, 133 AD2d 179, 181-182 [1987])[FN1]. Contrary to defendant's contention, defense counsel elicited a clear opinion from the psychologist that defendant was psychotic at the time of the incident and that his worsening "delusion and hallucinations" led to the attacks. Defendant further complains that he damaged his defense by exercising his right to testify, but "[t]here is nothing in the record to suggest that [his] decision to testify was anything other than voluntary, and the fact that he may now regret that decision does not establish that he was denied meaningful representation" (People v Varmette, 70 AD3d 1167, 1172 [2010], lv denied 14 NY3d 845 [2010]). Defendant points to other purported deficiencies as well, but the record as a whole reveals that defense counsel handled a challenging case with aplomb and afforded defendant with meaningful representation.
Turning to sentencing, defendant did not raise any issue with regard to the aggregate sentence despite having been afforded an opportunity to do so by County Court. He accordingly failed to preserve his contention that the aggregate sentence reflected retaliation for his decision to reject prior plea offers and demand the trial to which he was entitled (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Hahn, 159 AD3d 1062, 1067 [2018]). "In any event, the fact that defendant's sentence was greater than that offered during plea negotiations" does not demonstrate that he was penalized for proceeding to trial (People v Hahn, 159 AD3d at 1067; see People v Martinez, 144 AD3d 1326, 1326 [2016], lv denied 28 NY3d 1186 [2017]). County Court stated what factors motivated it to impose a greater sentence than the ones contemplated by prior plea offers, pointing to the jury's rejection of defendant's mental disease or defect defense, his failure to accept responsibility for his acts during the presentence investigation and the degree to which his acts wrought physical injuries and emotional impacts upon the victims. There was nothing retaliatory in this and, after considering those factors ourselves, we cannot say that "extraordinary circumstances exist that render the sentence[] imposed harsh and excessive" (People v Best, 158 AD3d 989, 990 [2018]; see People v Gray, 47 AD3d 1068, 1068 [2008], lv denied 10 NY3d 863 [2008]).
McCarthy, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant asserts that defense counsel's purported unreadiness may be shown from facts outside of the record, his remedy is to seek relief pursuant to CPL article 440 (see People v Vickers, 156 AD3d 1236, 1238 [2017], lvs denied 31 NY3d 980, 988 [2018]; People v Fisher, 126 AD3d 1048, 1052 [2015]).