People v Stone (2018 NY Slip Op 06301)





People v Stone


2018 NY Slip Op 06301


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

109620

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHARLES W. STONE, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William D. VanDelinder of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered February 27, 2017, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In August 2016, defendant robbed a newsstand clerk at knifepoint. In satisfaction of an indictment charging him for this incident, defendant, pursuant to a plea agreement, pleaded guilty to robbery in the first degree. County Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon sentence of 12 years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant's sole contention on appeal is that his sentence is harsh and excessive given certain mitigating factors, including the substantial amount of time that he spent in foster care during his childhood, his limited education and his history of substance abuse. Notwithstanding these factors, we disagree. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Miller, 160 AD3d 1040, 1044 [2018] [internal quotation marks and citations omitted]). Defendant has a lengthy criminal record consisting of 19 prior criminal convictions of which several are felony convictions. In view of defendant's extensive criminal history, the violent nature of this crime and defendant's agreement to the negotiated sentence — which was less than half of the 25-year statutory maximum for a class B violent felony offense committed by a second felony offender (see Penal Law § 70.06 [6] [a]) — we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v French, 134 AD3d 1245, 1246 [2015]; People v Jones, 11 AD3d 818, 818 [2004]; compare People v Wyrick, 154 AD3d 1181, 1182 [2017]).
Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.