People v Provost (2022 NY Slip Op 06966)

People v Provost

2022 NY Slip Op 06966

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

113433
[*1]The People of the State of New York, Appellant,
v
Media Provost IV, Respondent.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for appellant.
Rural Law Center of New York, Inc., Castleton (Kelly L. Egan of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of St. Lawrence County (Tatiana N. Coffinger, J.), entered November 14, 2021, which, upon reviewing the grand jury minutes pursuant to a stipulation in lieu of motions, dismissed three counts of the indictment.
In June 2021 defendant was indicted on three counts of predatory sexual assault (counts 1, 2 and 3), three counts of criminal sexual act in the first degree (counts 4, 5 and 6) and two counts of endangering the welfare of a child (counts 7 and 8). Subsequently, the parties entered a stipulation in lieu of motions authorizing County Court to review the grand jury minutes to determine whether there was legally sufficient evidence, adequate instructions or any defects in the proceedings. The court thereafter dismissed those counts charging criminal sexual act in the first degree as inclusory concurrent counts of the predatory sexual assault counts pursuant to CPL 300.30 (4), occasioning this appeal by the People.
The People seek reinstatement of the counts charging criminal sexual act in the first degree, arguing that County Court erred in dismissing these counts as inclusory at this stage of the proceedings. We agree. "In assessing whether dismissal of an indictment is warranted under CPL 210.20 (1) (b), a reviewing court must assess whether the People presented legally sufficient evidence to establish the offense or offenses charged" (People v Carlin, 173 AD3d 1363, 1363 [3d Dept 2019] [citations omitted]). Although asked to review the indictment to ensure that the evidence submitted to the grand jury was legally sufficient, the court dismissed the counts at issue as inclusory. Even if certain counts charged in the indictment are inclusory concurrent counts, that does not require dismissal of those counts prior to trial or, upon trial, bar the submission of both the greater and the lesser counts to the jury for consideration. Rather, "[w]hen inclusory counts are submitted for consideration, they must be submitted in the alternative since a conviction on the greater count is deemed a dismissal of every lesser count" (People v Vanguilder, 130 AD3d 1247, 1251 [3d Dept 2015] [internal quotation marks and citation omitted], lv denied 27 NY3d 1008 [2016]; see CPL 300.40 [3] [b]; CPL 300.50 [1]; compare People v Alford, 65 AD3d 1392, 1394 [3d Dept 2009], affd 14 NY3d 846 [2010]). Accordingly, we find that County Court erred in dismissing counts 4, 5 and 6 charging criminal sexual act in the first degree at this juncture.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
Ordered that the order is modified, on the law, by reversing so much thereof as dismissed counts 4, 5 and 6 of the indictment; said counts reinstated; and, as so modified, affirmed.